13863

C. C. PEARCE & CO. v. AMERICAN SURETY CO. OF NEW YORK

(174 S. E., 902)

*Messrs. Herbert & Dial,* for appellant,

*Mr. C. T. Graydon,* for respondent,

June 8, 1934.

The opinion of the Court was delivered by MR. W. C. COTHRAN, ACTING ASSOCIATE JUSTICE:

Raymond L. Moore was employed by C. C. Pearce & Co. as a collector and, according to his employer, was short in his accounts to the extent of $491.85. For its protection against all manner of shortages, Pearce & Co. took out an indemnity bond with the American Surety Company of New York in the sum of $2,500.00. This blanket bond covered all of the employees of Pearce & Co., but was not signed by any of them and, hence, was not the usual bond of principal and surety. Moore gave to the surety company an indemnity agreement whereby he bound himself to hold harmless the surety company against any amount of loss occasioned by his conduct.

On February 25, 1933, Pearce & Co. brought suit against the American Surety Company for $491.85, the amount of the alleged shortage, plus interest, alleging the shortage, that Moore had admitted it, and that the surety company had refused to make the shortage good although demand for payment had been made. The defendant surety company answered the complaint, denying that Moore was short in his accounts, and setting up certain affirmative defenses which have no place in this appeal.

The defendant surety company also served notice on the attorney for the plaintiff that at a certain time and place a

motion would be made before the Judge of the County Court for Richland County for an order making Moore a party defendant to the cause. The motion was duly made, was refused, and from the order of refusal this appeal is presented. The sole question to be decided is whether or not Moore should have been made a party defendant to the suit.

The County Judge held, under authority of the case of *Massachusetts Bonding & Insurance Co. v. Law,* 149 S. C., 402, 147 S. E., 444, that "a surety bond given for premiums paid is on an entirely different basis from that of an ordinary surety." He further held under the case of *State v. Williams,* 19 S. C., 62, that "a surety upon a bond given for faithful performance of duty of the principal may be sued without joining the principal." Neither of these general propositions is now questioned and neither is determinative of the question here presented.

Section 404 of the Code provides who may be defendants. It permits any person who has an interest in the controversy adverse to the plaintiff or who is a necessary party to a complete determination of the questions involved to be made a party defendant.

Section 657, Subd. 1, of the Code, looking to a final determination of the questions involved in any suit and evidently to avoid a multiplicity of suits, permits judgments to be given for or against plaintiffs, for or against defendants, and a determination of the ultimate rights of the parties on each side.

Applying these principles to the question now before us, we find that Moore has been charged with a most serious offense, the liability of the surety company being based upon the truth of these charges. We further find that Moore gave to the surety company an indemnity agreement providing that he would hold the surety company harmless against any loss sustained on his account. A complete determination of the questions will result in finding whether or not Moore is guilty, his guilt having been denied in the answer; whether

or not, if guilty, the surety company may be subrogated to the rights of Pearce & Co. in a judgment against Moore; whether or not the surety company would be entitled to a judgment against Moore, its codefendant. The making of Moore a party defendant would permit a judgment against him in favor of the surety company, in the event Pearce & Co. established its claim against the surety company, thereby saving the necessity of a future suit of the surety company against Moore upon the indemnity agreement. Unless Moore be made a party to the present suit, he would not be bound by the result of it, and the surety company might be compelled to pay an alleged shortage on the part of Moore which, in reality, might not have existed. In justice to all parties, Moore should be brought in as a party defendant.

Although differing in one main respect, this case is in principle quite similar to the case of *Miller & Barnhardt v. Gulf & Atlantic Insurance Co.*, 132 S. C., 78, 129 S. E., 131. In that case a suit was brought against the bond company for damages alleged to have been sustained by negligence of the sheriff in executing an attachment. The sheriff was not made a party defendant. Upon motion by the bond company to have the sheriff made a party, the Court denied the motion although the sheriff was present in Court and asked to be made a party. This Court held that the refusal to make the sheriff a party was error. The principal difference in the case now under consideration and the one just cited is that the bond sued upon in that case was signed by the sheriff as well as the surety company, while in the present case the bond was not signed by Moore but by the surety company only. This difference in the two cases we conceive to be of fact rather than of principle. The unanswerable reasoning in the *Miller case* can well be used in the present case with the same result.

The order appealed from is reversed.

Mr. Chief Justice Blease and Messrs. Justices Stabler, Carter and Bonham concur.