14703

MORRIS v. MARYLAND CASUALTY CO.

(197 S. E., 505)

*Messrs. Dinkins & Stukes,* for appellant,

*Mr. L. D. Jennings,* for respondents,

June 7, 1938.

The opinon of the Court was delivered by MR. WM. H. GRIMBALL, ACTING ASSOCIATE JUSTICE.

The pleadings and issues to be determined in these two cases are identical, and this opinion will treat them as if they were one case.

The suit is one in equity for an accounting on a guardianship bond.

The complaint alleges:

"2. That on the 8th day of November, 1918, W. E. Gibbons was appointed guardian of the person and estate of the plaintiff, by J. M. Windham, Judge of Probate in and for the County of Clarendon, in said State.

"3. That under the laws of the State of South Carolina, before or at the time of the appointment of a guardian of a person and his estate, the Probate Judge is required to have such guardian enter into a bond, with sufficient surety, to guarantee the faithful performance of said guardianship.

"4. That on the 8th day of November, 1918, the said W. E. Gibbons and the defendant Maryland Casualty Company entered into a bond to guarantee the faithful performance, by W. E. Gibbons, of said guardianship, a copy of which bond is hereto attached as a part of this complaint.

"5. That there came into the hands of the said W. E. Gibbons as guardian of the plaintiff, sums of money from time to time. That the said W. E. Gibbons departed this life in the year 1934, without having accounted to the plaintiff for the funds which came into the hands of said guardian, belonging to the plaintiff.

"6. That under the terms of said bond, the defendant was bound to pay to the plaintiff, when she became of age, the funds belonging to her, which had come into the hands of said guardian, and which said guardian had not accounted for.

"7. The plaintiff alleges that she is now twenty-one years of age, and is entitled to have the defendant account for and pay over to her the funds belonging to her, which came into the hands of the said W. E. Gibbons, as her guardian, and for which the said guardian had not accounted to the plaintiff at the time of his death.

"8. The plaintiff alleges that at the time of the death of the said W. E. Gibbons, he had in his hands funds belonging to the plaintiff, which, together with interest thereon, would amount at this time to at least the sum of Five Hundred ($500.00) Dollars; and the plaintiff alleges that the defendant should be required in this action to account for and pay over to the plaintiff all of the funds which came into the hands of the said W. E. Gibbons, as guardian of the plaintiff, together with interest thereon at the legal rate, from the time said funds came into the hands of the said W. E. Gibbons as said guardian, less any small sums which may have been paid to the plaintiff, or for her benefit, by said guardian.

"Wherefore the plaintiff prays that the defendant be required to account for and pay over to her all funds which she is now entitled to out of the funds which came into the hands of the said W. E. Gibbons, as guardian of the plaintiff, out of the estate of the plaintiff's father and mother, or from any other source; and that she have judgment against the defendant for any amount that such accounting may show that the plaintiff is entitled to; and for such other and further relief as to the Court may seem just and proper."

The guardianship bond, a copy of which was attached to the complaint, required the guardian to carefully and handsomely bring up his wards during minority, with necessary

meat, drink, washing, lodging, apparel and learning, according to their degree; to defend them from loss of goods and lands; to pay unto the wards the balance due them upon their coming of age; and to render an account when required.

To the complaint defendant interposed the following demurrer:

"That the complaint does not state facts sufficient to constitute a cause of action:

"1. In that the complaint fails to allege a cause of action against the defendant.

"2. In that the complaint fails to show a breach of the conditions of the bond referred to therein.

"3. In that it appears from the face of the complaint that an accounting has not been had in the Probate Court and any decree rendered thereon.

"4. In that the complaint fails to allege any shortage of funds due the plaintiff or any waste or mismanagement of the plaintiff's property or estate."

From the order of Hon. A. L. Gaston, presiding Judge, overruling this demurrer defendant, Maryland Casualty Company, now appeals to this Court.

Appellant takes the position that the complaint fails to allege a breach of the condition of the bond and any present liability on its part. We cannot sustain this position. The bond required the guardian to pay unto the wards the balance due them when they became of age. The complaint alleges that at the time of the death of the guardian there were monies in his hands belonging to his wards; that plaintiff is one of the wards, and has now attained the age of twenty-one years; that the money is due her, and has never been paid to her; and she prays for an accounting and the payment to her of such sum as may be found due her by the guardian.

All of the elements necessary to the statement of a cause of action are here included in this complaint:

1. A primary right possessed by plaintiff.

2. A corresponding primary duty devolving upon the defendant.

3. A delict or wrong done by the defendant's principal on a joint and several bond, which constitutes a breach of such primary right and duty.

4. A remedial right in favor of plaintiff.

5. A remedial duty resting upon defendant, springing from this delict.

6. The remedy or relief itself.

*Brice v. Glenn,* 165 S. C., 509, 164 S. E., 302; *Columbia Nat. Bank v. Rizer,* 153 S. C., 43, 55, 150 S. E., 316, 68 A. L. R., 443; *Ophuls & Hill v. Ice & Fuel Co.,* 160 S. C., 441, 158 S. E., 824; *Hibbett v. Heights Co.,* 163 S. C., 327, 161 S. E., 499; *Salway v. Casualty Co.,* 176 S. C., 215, 179 S. E., 787.

Appellant also takes the position that this suit cannot be maintained because there has been no accounting in the Probate Court followed by a decree rendered thereon.

The rule has been established, however, in this jurisdiction, that in an action for an accounting the Court of Common Pleas has concurrent jurisdiction with the Court of Probate; and that in an action upon a bond a judgment of the Court of Probate establishing a devastavit or breach of the bond is not a prerequisite to maintaining such action in the Court of Common Pleas. *Beatty v. Surety Co.,* 132 S. C., 45, 128 S. E., 40.

Appellant, in its brief herein, suggests that in order to prevent possible further litigation as between itself and the estate of the deceased guardian, the legal representative of the deceased guardian should be made a party to the cause.

While this may possibly be true, *Miller & Barnhardt v. Insurance Co.,* 132 S. C., 78, 129 S. E., 131; *Pearce & Co.*

*v. Surety Co.*, 173 S. C., 77, 174 S. E., 902; it is also true that there is nothing in the transcript of record before this Court in this cause which presents such an issue.

It is the judgment of this Court that the order appealed from be affirmed, and that appellant be allowed twenty days from the date of the filing of the remittitur herein in the office of the Clerk of Court for Clarendon County in which to notice such motions and to serve such pleadings as to it may appear advisable.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.