14889

YONGUE v. NATIONAL SURETY CORP. *ET AL.*

(3 S. E. (2d), 198)

*Messrs. McDonald, Macaulay & McDonald,* for appellant,

*Messrs. Hamilton, Gaston & Hamilton,* for respondent.

June 2, 1939.

The opinion of the Court was delivered by MR. H. F. RICE, ACTING ASSOCIATE JUSTICE.

This statement is taken from the Transcript of Record for the Supreme Court:

"This action was originally commenced by service of summons and complaint upon the defendant on the 30th day of June, 1938. The plaintiff alleged injury and damage by reason of certain actions of the defendants, B. E. Fallaw and Hoyt Boatwright, members of the South Carolina Highway Patrol and as such bonded by the defendant, National Surety Corporation.

"In due time the individual defendants moved to strike out certain portions of the complaint relating to their surety bonds and, also, to make the complaint more definite and specific in certain particulars. The defendant, National Surety Corporation, demurred to the complaint upon the ground that the actions of the highway patrolmen as alleged in the complaint were not covered by the terms of the bonds issued by the surety company, and upon other grounds set out in the demurrer.

"The matter came on for a hearing before Judge Gaston, who subsequently filed an order holding that the alleged actions of the individual defendants, if proven, would constitute a breach of the bond, and further holding that the surety corporation should be joined in the same action with

the individual defendants, but further holding that the plaintiff could not bring suit in one action upon the two bonds issued on behalf of the two defendants as highway patrolmen.

"In due time the defendant, National Surety Corporation, served notice of appeal."

The second ground of demurrer has been abandoned by the attorneys for the defendant. The only point of contention in this appeal is whether or not, if the statement of facts in the complaint are true, the bonds of the officers are liable. Of course, for the purpose of the demurrer, such facts as are set out in the complaint are admitted by the defendant. This does not mean, however, that such admissions extend to any legal conclusions which may be stated. The complaint shows that at the time of the arrest of the plaintiff the officers had no warrant. In his order overruling the demurrer, his Honor, Judge Gaston, held that the officers could make the arrest without a warrant, although no misdemeanor had been committed in their presence or in the presence of either of them. Sections 6004 and 6005 of the Code of 1932 confer upon the patrolman the power of a sheriff or other police officer. See also *State v. Luster,* 178 S. C., 199, 182 S. E., 427. However, the latter case does not hold that such peace officer, who in that case was a patrolman, could arrest without a warrant; but it is clearly stated in the opinion that the patrolman was attempting to make the arrest for a misdemeanor committed in his presence, although the patrolman was not then on the highway. I do not think the statutes quoted above confer upon the officers the authority to make arrests for misdemeanors not committed in their presence. No peace officer, unless especially authorized by statute, has such right or authority. This is a well-recognized principle of law in this State. If then the liability of the bonds depended entirely upon the arrests made by the officers as individuals and not in the capacity of officers, the demurrer should have been sustained. But this is not the case. There are ample allegations in the

complaint, which, if proven on a trial, will show that the officers were not acting in their inividual capacity, but as *officers,* believing that they were doing their official duty. In *Treasurers v. Buckner,* 2 McM., 323, the Court stated the following rule: "Whatever, in the execution of his office, or in the *character of a public officer properly recognized* (Italics added), the sheriff may do or omit, whereby damage results to another, seems to be a violation of the duties of his office; and the damage proved may be recovered under the bond."

The complaint alleges in effect that the patrolmen were acting in the character of public officers, properly recognized. The condition of the bonds of the patrolmen are somewhat different from those of other peace officers. In the case of the sheriff, or his deputies, or his constables, the condition of the bond is usually in effect to faithfully perform the duties of his office; and if any member of the public is aggrieved by breach or abuse of official duty or power of the officer, he may sue thereon. In addition to this provision in the bonds of the patrolmen, there are other conditions, which the following excerpt from the statute, Section 6004 of the Code of 1932, will disclose: "for the full, prompt and proper accounting for all funds coming into his hands and conditioned to pay any judgment recovered against him in any Court of competent jurisdiction upon a cause of action arising out of breach or abuse of official duty or power, and *damages sustained by any member of the public from any unlawful act of such officer."* (Italics added.)

Of course, the unlawful act referred to in the above excerpt must be an act done by the officers *virtute officii,* or *colore officii,* and not in in his individual capacity. Now, then, it is well settled in this State that the liability of the bondsmen, such as we are now considering, depends upon the letter of the bond and is not to be extended by implication. However, in construing such bond, it is to be reasonably construed, so as not to defeat the purpose of

requiring sureties for the protection of the public. See *Wieters v. May et al.,* 71 S. C., 9, 50 S. E., 547.

Applying the facts stated in the complaint in this case to the conditions of the said bond, it is clear to the writer of this opinion that the complaint states a case which comes squarely under the terms and conditions of the bond. .

Judgment affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.