15397

SMALL v. NATIONAL SURETY CORPORATION

(19 S. E. (2d), 658)

November, 1940.

*Messrs. Hemphill & Hemphill,* of Chester, S. C., and *Mr. Allen M. Sapp,* of Lancaster, S. C., for appellant,

*Messrs. McDonald, Macaulay & McDonald,* of Chester, S. C., and *Messrs. Gregory & Gregory,* of Lancaster, S. C., for Respondent,

April 3, 1942.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE FISHBURNE.

This appeal brings up for review a judgment of nonsuit granted by the Circuit Court upon motion of the defendant, National Surety Corporation. The action was brought against the defendant on the official bond of one W. T. Bell, a State

highway patrolman, for personal injuries alleged to have been caused by the negligent and unlawful conduct of the patrolman while acting as such on or about the 30th day of June, 1938.

Upon the close of the plaintiff's testimony the Circuit Court held that no right of action accrued to the plaintiff against the surety company on the statutory bond until the plaintiff had obtained a judgment against Bell, the highway patrolman, or his personal representative—Bell having been killed in the automobile collision in which the plaintiff received his injuries. In granting the nonsuit and dismissing the complaint upon this ground, the Circuit Court stated that the plaintiff had offered sufficient testimony from which the inference could reasonably be drawn that the highway patrolman while engaged in the performance of his official duties was guilty of negligent acts and delicts resulting in injury to the plaintiff; and further stated that the issues would have been submitted to the jury had the Court not been of the opinion that the plaintiff could not maintain the action on the bond without first having obtained judgment against the officer, or his estate.

This sole question presented for determination involves the proper construction of Section 6004, 1932 Code. The specific issue has to do with whether or not under the statute a member of the public injured upon a public highway as the result of negligent and unlawful acts of a highway patrolman, must first bring suit and obtain judgment against such officer, or his legal representative, before recourse may be had on the statutory bond filed by him with the State Highway Department.

The precise question has never before been submitted to the Court, but an examination of our recent reports reveals that in some cases involving the same statute and bond, the offending officer alone was sued; in other actions both the officer and the surety were joined as defendants; and in still others, the action proceeded against the surety alone. The case of *Aetna Casualty & Surety Co. v. Yonce*, 181 S. C.,

369, 187 S. E., 536, embraced two actions, the first of which was brought against the offending highway patrolman Whaley, who having died, the action was continued against his administrator and proceeded to judgment. The other action was commenced by other persons who suffered through the alleged negligence of Whaley, directly against the surety company for the purpose of recovering on the official bond.

In *Yongue v. National Surety Corp.*, 190 S. C., 421, 3 S. E. (2d), 198, the action was instituted jointly against the highway patrolman and the surety company. The latest case involving a suit of this character is that of *League v. National Surety Corp.*, 198 S. C., 289, 17 S. E. (2d), 783, wherein the action was brought against the surety company on the official bond of the patrolman without joining the highway officer as a party defendant. However, as stated, in none of these cases to which we have referred was the question ever raised which is now presented for decision.

The statutory bond which we are called upon to construe follows the language of the statute. In accordance with the well-recognized rule of law the statute is as much a part of the bond as if in terms incorporated therein. It follows that the bond must be construed in the light of Section 6004. *Kimbrell v. Heffner*, 163 S. C., 35, 161 S. E., 175, 180 A. L. R., 591.

We here quote the pertinent provisions of the Code section: "Every officer authorized by this chapter to enforce the provisions of this chapter shall file with the highway department a bond, subscribed by some duly licensed surety company, conditioned for the faithful performance of his duties; for the full, prompt and proper accounting for all funds coming into his hands and conditioned to pay any judgment recovered against him in any Court of competent jurisdiction upon a cause of action arising out of breach or abuse of official duty or power, and damages sustained by any member of the public from any unlawful act of such officer."

The same Code section goes on to detail the duties of highway patrolmen. It provides that such officers shall patrol the highways of the State for the purpose of enforcing the traffic laws and all other laws relative to motor vehicle traffic and animal drawn vehicles. Like power is given to them as is conferred upon sheriffs to serve criminal process against offenders; and they are given the same rights as sheriffs to require aid in executing the duties of their office.

It is conceded by the respondent that if this action had been brought on the official bond of a sheriff, the surety on such bond could be sued without joining the sheriff, or if he be dead, his representative; and it would not be necessary that judgment should be first obtained against the sheriff, or his estate, before such suit could be instituted against the surety. See *State ex rel. Slay v. Williams,* 19 S. C., 62.

But it is sought to distinguish the bond in this case from that given by a sheriff, upon the ground that the official bond in the case of a sheriff is signed by him and the surety, and is, therefore, a joint and several bond. It is emphasized that in the case at bar the surety bond was not signed by the patrolman, and is solely and wholly a several undertaking of the defendant in this suit.

In previous cases we have noted, in considering the application of the statute (Section 6004) to bonds of the same type as the one now before us, that the language of the law and the contract is very much broader and more comprehensive than the usual official bond required of peace officers. Under our view of the law, the statutory undertaking in question was not only executed and delivered on behalf of the State Highway Department, the named obligee, but primarily for the benefit and protection of the public, and should be considered in the light of the purpose for which it is required as expressed in the statute.

The respondent contends that the securing of a judgment against the patrolman or his estate is a prerequisite to the maintenance of an action on the official bond—that the law makes this a condition precedent. Upon examining the stat-

ute we find no express requirement that judgment must first be obtained before recourse may be had upon the bond, and we think that an injured party's right to sue directly and solely upon the bond should not be unreasonably limited by a strained construction of the language used. The legislature could very easily have created a condition precedent if it had so desired, in plain and unmistakable words; but it has not done so.

Looking to the clear intent of the legislature, as expressed in the statute, and keeping in mind that the security was manifestly intended for the benefit and protection of the public primarily, we think that an injured party in pursuing his remedy may either sue the offending patrolman, or in case of his death his legal representative, or bring his action directly on the official bond.

The statute, after providing that a highway patrolman shall "pay any judgment recovered against him in any court of competent jurisdiction upon a cause of action arising out of breach or abuse of official duty or power," thus continues, "and damages sustained by any member of the public from any unlawful act of such officer."

We think it self-evident that it was not the intention of the legislature that the plaintiff or any member of the public injured by the actionable negligence of a highway patrolman, should be confined solely in the first instance to an action against the officer, and be burdened with the delay and expense of reducing his claim to judgment. Such claims might, and probably would vary in amount from insignificant to large sums. And it is altogether probable that a claim involving a small amount would be foregone by an injured party rather than enter upon two lawsuits—that is, first against the patrolman or his estate; and, second, against the bondsmen to enforce payment of the judgment obtained in the first action.

In addition to this, and as a preliminary step, the injured member of the public might have to incur the expense of starting the legal machinery of the Probate Court in obtain-

ing the appointment of a legal representative, if, as in this case, the patrolman be dead. It cannot reasonably be inferred from the language of the statute that the legislature contemplated an assumption by a party plaintiff of a series of litigations with all their attendant delay and expense, before relief could be secured.

Although the question here under discussion was not presented in *League v. National Surety Corp.,* 198 S. C., 289, 17 S. E. (2d), 783, 786, we there stated: "Sureties would not be needed on a patrolman's bond if they are to be held only when the acts are legal; they vouch for his acts and bind themselves to make good any damages he may cause to any member of the public by a breach or abuse of his official duty or power, or from any unlawful act while acting under color of his office or by virtue of his office. No other rule would be safe or sensible."

And we adhere to the principle announced.

The general rule with reference to conditions precedent is thus stated in 50 C. J., Section 325, page 192:

"Ordinarily, in the absence of a statute, the creditor or obligee cannot be required to resort to the principal before proceeding against the surety, and the creditor may bring his action against the surety without having proceeded first against the principal, and although the amount of the principal's liability has not been established * * *."

In keeping with familiar concepts, the statute as a whole must receive a practical, reasonable, and fair interpretation, consonant with the purpose, design, and policy of the lawmakers. *Weston v. Board of Commissioners of Police Insurance and Annuity Fund,* 196 S. C., 491, 13 S. E. (2d), 600.

And in 11 C. J. S., Bonds, § 104, p. 469, we find: "The obligee's right to sue, however, must not be unreasonably limited by extending the construction of a condition precedent beyond that which the parties clearly intended should be its operation and effect, and words in the nature of a mere proviso or defeasance will not be construed as a con-

dition precedent; nor will the courts so construe a statute where an intention to have it so operate is not clearly manifest."

Applying to the statute these rules of construction, we see no logical ground for holding that an injured party, such as the plaintiff in this case, must first obtain judgment against a highway patrolman or his personal representative before suit to recover for damages can be maintained against the surety furnishing the official bond pursuant to the statute (Section 6004). Such construction would defeat the plain purpose of the Act.

It follows that the judgment must be reversed, and the case remanded for trial.

Judgment reversed.

MR. CHIEF JUSTICE BONHAM, MESSRS. ASSOCIATE JUSTICES BAKER and STUKES, and CIRCUIT JUDGE G. B. GREENE, ACTING ASSOCIATE JUSTICE, concur.