15774

BESSINGER v. NATIONAL SURETY CORPORATION *ET AL.*

(35 S. E. (2d), 658).

*Mr. Fred L. Hiers,* of Bamberg, Counsel for Appellant,

*Mr. Thomas M. Boulware,* of Allendale, Counsel for Respondent,

October 26, 1945.

Mr. CHIEF JUSTICE BAKER delivered the unanimous Opinion of the Court.

This action was commenced by the appellant against National Surety Corporation as the surety on the official bond of L. O. Wiggins, a State Highway patrolman, for personal injuries sustained by appellant, and alleged to have been proximately caused by the breach or abuse of Wiggins' official duties and powers.

The summons in the action was served on January 23, 1945, and the complaint was served on March 5, 1945. Within fifteen days thereafter, to wit, on March 20, the respondent, National Surety Corporation, served its answer; and on the same date, through its counsel, sent to counsel for appellant a proposed consent order joining and making Patrolman Wiggins a party defendant. Appellant refused to consent thereto, and thereupon, after due notice, and on motion of the said Wiggins to be made a party defendant, the motion was heard before Honorable E. H. Henderson, Circuit Judge, who on April 11, 1945, filed his order granting same. From this order, there is an appeal to this Court, the exceptions thereto alleging such an abuse of discretion on the part of the Circuit Judge as amounts to error of law.

We have carefully considered the order of Judge Henderson, and approve of it. Let the order be published herewith.

On April 13, 1945 (two days after the order making Wiggins a party defendant was signed), Wiggins was ordered to report to Fort Jackson for induction into the armed forces of the Government.

Court convened at Bamberg on Monday, April 16, 1945, with Honorable E. C. Dennis as Presiding Judge. On that date, counsel for Wiggins (the same as for the respondent herein) moved for a continuance of this case on the grounds (1) that Wiggins had not had twenty days nor a sufficient time under the circumstances in which to file an answer to the complaint; (2) that Wiggins was absent in the armed forces; and (3) that there was no other person who could

testify for the defendants except hostile witnesses. On behalf of respondent, counsel moved for a continuance beyond the term on the ground "that Wiggins is a most material witness in the case for this defendant and is in fact, the only witness we have to the occurrence described in the complaint, and is absent in the armed forces." This motion for continuance was supported by affidavit of Wiggins.

The trial Judge granted the motion for a continuance of the case beyond the term, but later, when it developed that Wiggins had succeeded in getting a furlough from 6 p. m. of the 16th to 8 a. m. of the 18th, for the purpose of testifying in another case for trial at the Bamberg Court, the trial Judge changed his mind, and ordered this case for trial on April 18th, counsel for respondent being notified to this effect on the night of April 16th. On April 17th, counsel for respondent (and for Wiggins) returned to Bamberg where he found Wiggins, and upon learning that it was impossible for Wiggins to remain away from Fort Jackson longer than stated in his furlough, took from him a written statement of the facts and circumstances surrounding the accident out of which this action arose. On the morning of the 18th of April, upon the call of this case for trial, respondent again moved for a continuance based upon an affidavit by counsel for respondent, and the unsworn statement of Wiggins above referred to.

This motion for a continuance of the case was refused for the stated reason that the Court was of opinion that if Wiggins could be in Bamberg on the 17th to testify in another case, he could be there on the 18th to testify in his own case; that he did not think that Wiggins had made the same effort to be in Bamberg on the 18th as he had made to be there on the 17th. The trial Judge thereupon ordered the case to proceed to trial as to this respondent, but not as to Wiggins.

Upon a trial of the case (during which respondent was permitted to read to the jury a written statement of Wiggins,

giving his version of the facts leading up to the accident out of which the action arose), the jury rendered a verdict in favor of appellant against the respondent in the full amount of the bond to wit, $2,000.00.

Following the rendition of this verdict, respondent made a motion for a new trial, which motion was granted, the pertinent portion of the order thereabout reading as follows:

"The defendants made a motion for a continuance but I ruled that the case could be tried against National Surety Corporation alone and the trial was so held.

"This matter now comes before me on a motion for a new trial and after due consideration I am convinced that the motion should be granted, therefore it is

"Ordered that the verdict heretofore rendered be set aside and a new trial be and the same is hereby ordered."

The appellant alleges error in the granting of a new trial, on the ground that the trial Judge committed an abuse of discretion in so doing, as the case could be properly and legally tried as to the respondent alone.

While the order granting a new trial is silent as to the impelling reason for so doing, yet, in the light of the record, the inference is inescapable that it was based on facts, and the trial Judge's conclusion thereon. It would appear that, after further consideration, the trial Judge was convinced that he was too hasty in concluding that Wiggins had not made the same effort to be in Bamberg on the day of the trial as he had made to be there on the day before, and that therefore he should have continued the case over the term, and not forced the respondent to trial in the absence of its only and very material witness.

In *Miller v. Atlantic Coast Line Railroad Company*, 95 S. C., 471, 79 S. E., 645, 646, the Court stated: "We have held in cases too numerous to mention that,

under the constitutional limitation of the power of this Court to the correction of errors of law, in law cases, such as this is, we have no jurisdiction to review orders granting or refusing new trials, when they are based upon or involve the decision of questions of fact, unless it appears that the finding is wholly unsupported by evidence, or the conclusion reached was influenced or controlled by some error of law."

We think that the action of the trial Judge in granting a new trial was supported by facts, and that he was not influenced or controlled by error of law. It may be that had the motion for a new trial been refused, and the respondent here had appealed from the refusal to grant a continuance of the case over the term, this Court would have been forced to hold that reversible error had been committed. See *Ilderton v. Charleston Consolidated Railway Co.,* 113 S. C., 91, 101 S. E., 282.

The orders appealed from are affirmed.

Messrs. Associate Justices Fishburne, Stukes, Taylor and Oxner concur.

Order of Judge Henderson:

This is a motion by the defendant, National Surety Corporation, and by L. O. Wiggins, for an order bringing in Mr. Wiggins as a party defendant. The action is one against the surety on the bond of Mr. Wiggins, who is a State Highway patrolman and whose bond was given pursuant to section 6004 of the Code.

Section 404 of the Code provides for the bringing in of party defendants, and section 409 provides that when a complete determination of a controversy can not be had without the presence of other parties, the Court must cause them to be brought in. Section 657 provides that the judgment may determine the ultimate rights of the parties on each side as between themselves. See also 47 C. J., 129, 130.

In the case of *Pearce & Co. v. American Surety Company*, 173 S. C., 77, 174 S. E., 902, it was held that a surety was entitled to have the employee brought in as a party defendant in order that a complete determination of all questions might be had. The Court said: "The making of Moore a party defendant would permit a judgment against him in favor of the surety company, in the event Pearce & Co. established its claim against the surety company, thereby saving the necessity of a future suit of the surety company against Moore upon the indemnity agreement. Unless Moore be made a party to the present suit, he would not be bound by the result of it, and the surety company might be compelled to pay an alleged shortage on the part of Moore which, in reality, might not have existed. In justice to all parties, Moore should be brought in as a party defendant."

The Court held in the case of *Miller & Barnhardt v. Gulf & Atlantic Insurance Co.,* 132 S. C., 78, 129 S. E., 131, 132, that in an action on a sheriff's bond for damages caused by failure to take possession of certain attached property, the sheriff was a proper party, and the Court's refusal to permit him to become a party was an abuse of discretion. The Court said:

"The motion to have the sheriff made a party defendant was, under the circumstances, so just and reasonable that it should have been granted unless it appeared to the trial judge, in the exercise of this discretion, that some good reason existed for refusing it. The sheriff was the principal obligor upon the bond. The plaintiff's cause of action was based upon his alleged negligence and mismanagement; no one was better qualified to explain the doubtful circumstances of the transaction than the sheriff. The surety company, upon payment of the plaintiff's demand, would be entitled to indemnity from the sheriff; it could not possibly be detrimental to the interests of the plaintiffs, if entitled to recover, to have a judgment against two rather than one. It would be a serious

detriment to the surety company, sued alone, to have to pay the judgment and then institute an action against the sheriff for indemnity in his own county. It is in the line of public policy that all differences between interested parties be adjusted in the one litigation.

\* \* \*

"It occurs to us that every conceivable ground was present to induce the conclusion that the bringing in of the sheriff as a party defendant was just, reasonable, and in line with the policy of the law 'to prevent a multiplicity of suits and that there may be a complete and final decree betweeen all parties interested'; certainly 'a consummation devoutly to be wished,' a desirable result."

Also indirectly, because relating to co-sureties, see the case of *Peurifoy, Receiver, v. Mauldin,* 142 S. C., 7, 140 S. E., 253.

It is to be noted that in all three of these cases the Circuit Judges were reversed because of failure to bring in the parties.

Is there any essential difference in principle between these cases and the present one?

The plaintiff contends that in the *Pearce case* the fact that the principal, Moore, had given to the surety company an indemnity agreement constitutes a difference. In my opinion this is not a real distinction, for the reason that under the law there is an implied agreement on the part of a principal that he will reimburse his surety for any losses sustained by the surety on his account.

"Sec. 221. Right to Reimbursement. Irrespective of the existence of an express contract of indemnity it is an established rule of law, based on equitable consideration, that where one person is in the situation of a mere surety for an-

other, whether he became so by actual contract or by operation of law, and pays or is compelled to pay the debt which the other in equity and justice ought to have paid, or extinguishes it so that it is no longer a debt against the other, he is entitled to relief against the other, who was in fact the principal debtor, the law in such cases implying a promise on the part of the principal to reimburse the surety for the amount paid. This is the rule whether the surety is a compensated surety or an individual." 50 Am. Jur., 1049.

"When a contract of surety is made, there arises, in the absence of an express agreement, an implied contract that the principal will indemnify the surety for any payment the latter may make to the creditor in compliance with the contract of suretyship." 50 C. J., 255.

In the case of *Andrews v. United States Fidelity & Guaranty Co.,* 154 S. C., 456, 151 S. E., 745, it was held, as shown by the fourth syllabus, that "even in absence of agreement in bond, either principal upon joint bond impliedly undertakes to indemnify surety for loss sustained by breach of bond either on his part or on part of the other principal."

The plaintiff further contends that this case is to be distinguished from the *Miller case* in that the bond in that action was signed by Sheriff Burch as well as by the surety company. I do not think that this brings any difference in principle, but that the implied agreement to hold the surety harmless would still govern. Indeed, in the *Pearce case* the Supreme Court, in discussing the *Miller case,* said that "the principal difference in the case now under consideration and the one just cited is that the bond sued upon in that case was signed by the sheriff as well as the surety company, while in the present case the bond was not signed by Moore but by the surety company only. This difference in the two cases we conceive to be of fact rather than of principle. The unanswerable reasoning in the *Miller case* can well be used in the present case with the same result."

It is contended also that a distinction should be made between a case involving a paid surety and one concerning a personal surety. There is without doubt a distinction made in the construction of an ambiguous contract, the paid surety being held to a stricter construction. *Massachusetts Bonding & Insurance Co. v. Law,* 149 S. C., 402, 147 S. E., 444. However, as stated in 50 Am. Jurisprudence, 1117, "the rights of a surety are to be determined by his legal status as a surety, and not by the reason which may have induced him to enter into that status; the fact that the surety is compensated does not deprive him of his rights under the rules governing the relation of principal and surety; there is no distinction in this respect between compensated and gratuitous sureties."

It is perfectly true, as was held in the case of *Small v. National Surety Corporation,* 199 S. C., 392, 19 S. E. (2d), 658, that a surety on the bond of a State Highway patrolman may be sued alone, and the plaintiff does not, as a condition precedent, have first to obtain a judgment against the patrolman. The complaint, · in such an action, would not be demurrable for defect of parties. That case, however, does not in any manner raise the point here at issue, as to the bringing in of other parties.

It is my opinion, therefore, that under a proper exercise of discretion the principal in this case should be made a party defendant.

It is, therefore, ordered that L. O. Wiggins be, and he hereby is, made a party-defendant to this action.