15874

MASSEY *ET AL. v.* WAR EMERGENCY CO-OPERATIVE ASSN. *ET AL.*

(39 S. E. (2d), 907)

*Messrs. Osborne, Butler & Moore,* of Spartanburg, for Defendants-Appellants,

*Messrs. Carlisle, Brown & Carlisle,* and *C. Yates Brown,* all of Spartanburg, for Plaintiffs-Respondents-Appellants,

*Messrs. Osborne, Butler & Moore,* of Spartanburg, for Defendants-Respondents, and for Defendants-Appellants, ▮

October 9, 1946.

MR. ASSOCIATE JUSTICE TAYLOR delivered the unanimous opinion of the Court.

This action was commenced in the Court of Common Pleas for Spartanburg County by the service of a Summons and Complaint on August 29th, 1945. It seeks the recovery, on account of the alleged wrongful death of Oscar B. Massey, of actual damages against both Defendants in the amount of $55,000.00. The Plaintiff, Hardware Mutual Casualty Company, is joined as a Plaintiff on account of its alleged subrogated rights under the Workmen's Compensation Law, as insurance carrier for P. J. Boatwright, employer of Oscar B. Massey, deceased, for compensation benefits alleged to have been paid by this Plaintiff on account of Oscar B. Massey's death.

In due time each of the Defendants filed its separate Motion to Strike certain portions of the Complaint and to require the Plaintiffs to separately state the several causes of action asserted by the Defendants to have been improperly set forth in the Complaint, and each Defendant likewise filed its separate Demurrer. The Demurrers of both Defendants raised the issue that the Complaint improperly joined two or more causes of action in the same Complaint and, in addition, the Demurrer of the Defendant, American Fidelity and Casualty Company, Inc., relied upon the further ground

that the Complaint, as to it, failed to state facts sufficient to constitute a cause of action. The Defendants likewise served Notice to call up the Demurrers and included in that Notice, as well as the Notice to strike and to require a separate statement, Notice of their intention to rely upon certain rules and regulations of the Interstate Commerce Commission.

The several Motions and Demurrers came on to be heard before Judge Sease, and were all heard by him at the same time, upon the Complaint, the Demurrer, the Notices of Motion and certain portions of the Rules and Regulations of the Interstate Commerce Commission, certified by W. P. Bartel, Secretary of the Interstate Commerce Commission, under the seal of the Interstate Commerce Commission, under date of October 9th, 1945, as being true copies of the original then on file and of record in the office of said Commission.

Thereafter Judge Sease filed his Order granting the Motions to Strike in certain particulars, but denying them in all others, denying the Motions to require separate statements and overruling the Demurrers on all grounds.

In due time both Plaintiffs and Defendants gave Notice of their intention to appeal to the Supreme Court of South Carolina from the Order of Judge Sease, in so far as the same overruled the contentions of the respective parties.

At the same time that this action was commenced, another action was brought in the same Court against the Defendants herein by Mrs. Thelma Irene Lawter, as Administratrix of John Thomas Lawter, Deceased, and Hardware Mutual Casualty Company, a corporation, for $55,000.00 damages on account of the alleged wrongful death of John Thomas Lawter, an occupant of the truck being driven by Oscar B. Massey, and also alleged to be an employee of P. J. Boatwright, at the time of the collision out of which both actions arise. Since the Complaints, Motions, Demurrers, Rules of the Interstate Commerce Commission, and

the Order of Judge Sease are identical in both cases, in so far as the issues now involved before this Court are concerned, it was stipulated that only the record in the Massey case be printed, but that the appeal relates to and shall control both cases equally, to the extent that the Order of Judge Sease in the *Massey case* be affirmed, reversed or modified, that such decision shall have equal application to the *Lawter case*.

Plaintiffs seek to join the defendant, American Fidelity and Casualty Company, the insurer, to the extent of $5,000-.00 of the damages sought by reason of the requirements of Section 8511 of the 1942 Code of Laws of South Carolina. As to this joinder to this extent, the defendants take no exception as the law is well settled, making this permissible under the statutes and decisions of this court. As to all beyond the $5,000.00, plaintiffs seek to join the insurer under the provisions of the so-called National Motor Carrier Act of 1935 upon the theory that a third party injured by the tort of an interstate motor carrier may join the statutory insurer as defendant in an action for damages against the motor carrier.

The first question, therefore, to be determined is the nature of the contract of insurance. Is it a contract of indemnity in favor of the common carrier against any recovery for an injury sustained by reason of its negligence, or is it a contract to respond to any liability which the common carrier may legally incur? The applicable statute, of course, must be considered along with the contract of insurance.

In the case of *Piper v. American Fidelity and Casualty Company,* 157 S. C., 106, 154 S. E., 106, the Court points out the difference between a contract of indemnity and one to pay legal liabilities is that upon the former an action cannot be brought and recovery had until the liability is discharged; whereas upon the latter, the cause of action is complete when the liability attaches.

This was followed in the case of *Bryant v. Bluebird Cab Company,* 202 S. C., 456, 25 S. E. (2d), 489, which held that the insurance required by the South Carolina statute "is not an indemnity of the carrier from loss, but constitutes an original and direct liability from the insurer to damaged member of the public".

The State statute requiring insurance "gave the public such an interest in the contract of insurance that upon damage to person or property by the negligence of the common carrier an action could be brought by the person so damaged and the common carrier and its insurance company could be joined as defendants where it was alleged that the loss arose only from the negligence of the carrier". *Piedmont Fire Insurance Company v. Burlington Truckers, Inc.,* 205 S. C., 489, 32 S. E. (2d), 755; *Benn v. Camel City Coach Company,* 162 S. C., 44, 160 S. E., 135.

His Honor, Judge Sease, held that under authority of *Bryant v. Blue Bird Cab Company, supra, Daniel v. Tower Trucking Company,* 203 S. C., 119, 26 S. E. (2d), 406, and *Small v. National Surety Corporation,* 199 S. C., 392, 19 S. E. (2d), 658, and in the absence of Federal authority holding to the contrary, it must be considered that the Federal statute requires the insurance for the protection of the public, and that joinder of the insurer is proper.

The above cases cited are all South Carolina cases, and there is no question but what the reasoning used therein is sound; however, this being an interstate case, we are bound by the decisions of the Federal Courts, if any, in construing the Federal statute and the rules of the Interstate Commerce Commission promulgated pursuant to that statute.

The complaint refers to the act as the Motor Carrier Act of the United States of 1935. This Federal statute is to be found in 49 U. S. C. A., 315, and the pertinent portions thereof are:

"No certificate or permit shall be issued to a motor carrier or remain in force, unless such carrier complies with

such reasonable rules and regulations as the Commission shall prescribe governing the filing and approval of surety bonds, policies of insurance, qualifications as a self-insurer or other securities or agreements, in such reasonable amount as the Commission may require, conditioned to pay, within the amount of such surety bonds, policies of insurance, qualifications as a self-insurer or other securities or agreements, any final judgment recovered against such motor carrier for bodily injuries to or the death of any person resulting from the negligent operation, maintenance, or use of motor vehicles under such certificate or permit, or for loss or damage to property of others."   .

The defendants in moving presented to the Court and relied upon certified copy of the rules and regulations promulgated by the Interstate Commerce Commission pursuant to the above statute, and the learned Judge quite properly took judicial notice of the rules and regulations. The rules of the Interstate Commerce Commission relating to the carriers for hire, such as the defendant War Emergency Co-operative Association, provide that no permit to engage in interstate commerce shall be issued or remain in force unless "there shall have been filed with and approved by the Commission" insurance or other form of security "conditioned to pay within the amount of such policy of insurance any final judgment recovered against such motor carrier for bodily injuries to, or death of, any person, resulting from the negligent operation, maintenance or use of motor vehicles under such certificate".

Rule 2 then provides that the minimum amounts referred to in Rule 1 are, as to all motor vehicles used in motor transportation of property, $5,000.00 for bodily injuries to, or death of, one person.

The Federal act differs from Section 8511 of the South Carolina law in that it requires that the policy shall be "conditioned to pay within the amount of   *   *   *   policy of insurance   *   *   *   any final judgment recovered against

such motor carrier" and the rules adopted by the Interstate Commerce Commissions comply therewith.

Contrasted with the requirement of the Federal Statute that the policy shall be "conditioned to pay any final judgment recovered against such motor carrier" is the provision of Section 8511 which requires that the policy issued shall insure or indemnify "the public receiving personal injury by reason of any act or negligence" in such amount as the Public Service Commission may determine. The Rules of the Public Service Commission which prescribe the form of endorsements to be attached to all such policies (page 889 of Volume 4 of the 1942 Code of Laws of South Carolina), and in which the limits of liability insurance required are fixed at $5,000.00 as to any one person, contain insuring agreements of the same character and extent made mandatory by Section 8511.

In *Acme Freight Lines v. Blackmon* (C. C. A., 5), 131 Federal (2d), 62, the effort was made to eliminate the insurance carrier as a party-defendant in an action for damages against its insured motor carrier, prior to recovery of any judgment against such motor carrier, it having been contended that since the Federal Statute (the one we have under consideration) does not permit the insurance carrier to be sued until after final judgment against the motor carrier, and that since the Federal Government has exclusive control over interstate commerce, that the Federal Motor Carrier Act of 1935 was exclusive. This case arose in Georgia, which state has a statute substantially similar to our Section 8511 (and also our amendment of Section 487 expressly permitting the joinder of the insurance carrier), the protection of the Georgia Statute, like our own, providing for insurance "for the protection of the public against injuries proximately caused by the negligence of such motor carrier". The motor carrier in that case had filed with the Georgia Public Service Commission a policy complying with the Georgia law, and had filed with the Interstate Commerce Commission a policy complying with the Federal Statute. The Court holds

that, while the Federal Statute does not permit the joinder of the insurance carrier prior to judgment against the motor carrier, that the joinder might be had under the Georgia statute, the amount sued for being within the Georgia statute.

Likewise in *Tucker v. Casualty Reciprocal Exchange* (D. C. Ga., 40 F. Supp., 383), a similar position was taken with respect to the joinder of the insurer. Judge Russell, who wrote the opinion, also recognized that the insurer could not be joined prior to final judgment under the Federal Statute, but held that this did not preclude joinder of the insurer to the extent required by the Georgia Statute.

In *Grier v. Tri-State Transit Company* (D. C. La., 36 F. Supp., 26), Judge Porterie reached a contrary conclusion as to the exclusive effect of the Federal Statute over the Louisiana Statute, but he, like the judges in the *Blackmon* and *Tucker cases,* recognized that the insurer could not be joined under the Federal Act.

It would seem clear that the essentials of the State statute upon which this Court has held that the insurer may be joined thereunder, involving as they do the proposition that a direct and immediate liability arises under the terms of the statute in favor of an injured person upon the happening of the accident (*Piper v. American Fidelity and Casualty Company,* 157 S. C., 106, 154 S. E., 106), are construed to be absent in the Federal Statute, and that there is nothing about the Federal Statute which involves any obligation under the Statute or the insurance contract pursuant thereto directly to the public, until after final judgment against the motor carrier.

It is therefore the opinion of this Court that joinder may not be had in this action upon the policy posted with the Interstate Commerce Commission, and that all references to such insurance should be stricken from the complaint and all exceptions of defendants appellants relating thereto are sustained, including the third exception relating to paragraph 3 of the complaint.

The other exceptions of both plaintiffs and defendants are overruled.

Affirmed in part; reversed in part.

Let the order of Judge Sease be reported.

Mr. Chief Justice Baker and Messrs. Associate Justices Fishburne, Stukes and Oxner concur.

## Order of Judge Sease

This is a death action under Lord Campbell's Act. The complaint alleges that on June 23rd, 1944, Oscar B. Massey, the intestate of the personal Plaintiff, was killed in a collision between his employer's truck and a truck operated by War Emergency Co-Operative Association, a motor carrier holding certificate under chapter 162 in the 1942 South Carolina Code and qualified as an interstate carrier under Federal Statute.

Hardware Mutual Casualty Company carried workmen's compensation insurance on Massey and has accepted the death award and joins as Plaintiff pursuant to procedure sanctioned by *Fuller v. Southern Electric Service Company*, 200 S. C., 246, 20 S. E. (2d), 707.

American Fidelity and Casualty Company has been made a Defendant under allegations that it is surety upon two statutory policies of liability insurance carried by its co-defendant, one pursuant to the requirements of state statute, and the other pursuant to the Motor Carrier Act of the United States of 1935 and conditioned as required in said Act.

The Defendants appeared and demurred separately. The Insurer Defendant demurred upon the grounds of insufficiency of fact. Both Defendants demurred in substantially the same terms upon the ground of misjoinder of causes.

The insurer Defendant also separately moved to strike "all allegations, references or prayers with reference to any insurance issued by the Defendant, American Fidelity &

Casualty Company, Inc., or to the Defendant, War Emergency Co-Operative Association, beyond a limit of $5,000.00, or with respect to any alleged liability of American Fidelity & Casualty Company, Inc., beyond the $5,000.00".

The Defendants also jointly served notice that the Court would be asked to take judicial notice of certain rules, regulations and orders of the Interstate Commerce Commission "to the extent that the same may be proper and necessary".

The foregoing matters were heard by me at my Chambers at Spartanburg on December 2nd, 1945.

Plaintiffs stated at the hearing that they did not object to the motion to strike from paragraph 3 the words "and $10,000.00 payable in case of injury to or death of two persons in a single collision" and the words "$100,000.00 payable in case of injury to or death of two persons in a single collision." The motion to strike the quoted matter is therefore granted.

The motion is granted to strike paragraph 2.

The motion is granted to strike from paragraph 6 the words "owned by one Jack Kerney and", the words "his agents and servants under the name of", and the words "as lessee as aforesaid".

The motion is granted to strike from paragraph 7 (e) the words, "or to ameliorate the effects of collision resulting as a consequence". I think the foregoing matter is irrelevant and redundant; but the remaining matter sought to be struck is relevant and proper and the motions to strike are overruled except as granted above.

Under *Holder v. Haynes,* 193 S. C., 176, 77 S. E. (2d), 833, and *Bryant v. Blue Bird Cab Company,* 202 S. C., 456, 25 S. E. (2d), 489, a plaintiff cannot be required to separately state his cause in tort against the carrier and his cause in contract against the insurer.

I do not think that the complaint alleges any other cause of which separate statement may be required. The motions to require separate statement are overruled.

The Insurer's demurrer concedes under sub-division (b) that the complaint states a cause of action against the insurer for the statutory insurance. The demurrer on this ground must therefore be overruled under *Coral Gables v. Palmetto Brick Company*, 183 S. C., 478, 191 S. E., 337.

Under *Santee Mills v. Query*, 122 S. C., 158, 115 S. E., 202, and *Brownlee v. Charleston Motor Express Company, Inc.*, 189 S. C., 204, 200 S. E., 819, I am taking judicial notice of the rules, regulations and orders of the Interstate Commerce Commission so far as they "have the same effect as law".

Plaintiffs have contended that demurrer is not the proper method of pleading misjoinder in this case, but I hold to the contrary.

However, I do not think that the actions contemplated in the complaint are such as cannot be joined under South Carolina statutes.

I hold that the complaint states the elements of only three causes of action, viz.: (1) a cause in tort against the carrier, (2) a cause in contract against the insurer under State statute and (3) a cause in contract against the insurer under Federal statute.

It is well established that the tort and the action in contract under State statute may be joined. *Piper v. American Fidelity & Guaranty Company*, 157 S. C., 106, 154 S. E., 106, and *Benn v. Camel Stage Coach Company*, 162 S. C., 44, 160 S. E., 135.

Attorneys for Defendants have argued earnestly that because the Federal statute requires insurance conditioned to pay "any final judgment recovered against such motor carrier", an injured party can have no cause of action against

the insurer until he had first recovered a final judgment against the carrier.

But the contention was denied in *Bryant v. Blue Bird Cab Company,* 202 S. C., 456, 25 S. E. (2d), 489, where the Court had under consideration an ordinance of the City of Greenville requiring a taxi cab operator to file insurance "conditioned for the payment of any final judgment" against him. It was said that the insurance "is palpably for the protection of passengers and the public" and that it "is not an indemnity of the carrier from loss, but constitutes an original and direct liability from the insurer to the damaged passenger, or other member of the public".

The case pointed out also that similar effect has been given to bonds filed by state highway patrolmen under South Carolina statute requiring that they be conditioned "to pay any judgment recovered" against the patrolmen, citing *Small v. National Surety Corporation,* 199 S. C., 392, 19 S. E. (2d), 658.

In the absence of federal authority holding to the contrary, I think it must be considered that the federal statute requires the insurance for the protection of the public and not for the protection of the carrier, and that joinder of the insurer is proper, especially in view of the recent holding in the case of *Daniel, Adm., v. Tower Trucking Company,* 203 S. C., 119, 26 S. E. (2d), 406, where the Court said:

"The right of joinder of insurer and insured under policies of compulsory liability insurance in actions by third persons based upon negligence of the insured is settled in this State * * * This *general right of joinder is sustained by the weight of authority elsewhere*". (Emphasis added.)

Defendants' counsel have also argued that since the rules of the Interstate Commerce Commission require the filing of insurance in the "minimum amount" of $5,000.00, any excess over that amount of insurance carried by War Emergency Co-Operative Association, must be considered as private insurance and not compulsory insurance.

But the requirement generally of a minimum amount does not necessarily infer that a larger amount may not be required in a particular case. Here the complaint alleges that "pursuant to the requirements of the Motor Carrier Act of the United States of 1935, said War Emergency Co-Operative Association also carried at the times herein alleged further liability insurance conditioned as required in said Act with limits of $50,000.00 payable in case of injury or death of one person in a single collision".

I think that under the rule of liberal construction of pleadings, these allegations must be taken as showing that more than the minimum amount of insurance was required to be filed by the carrier.

Defendants also argued that there is no basis for holding that the $5,000.00 policy filed under State statute is cumulative to the $50,000.00 policy filed under Federal statute. But no reason appears why the statutes must be construed to intend that the coverages should not be separate coverages, therefore totaling $55,000.00. Presumably separate premiums were paid for insurance aggregating that amount. The intent of the law is not altered because the same insurer supplied both coverages.

I hold therefore that there has been no misjoinder of causes in the complaint, and the demurrers upon that ground are overruled.

It is therefore, ordered that there be stricken from the complaint the following: (1) all of paragraph 2; (2) from paragraph 3 the words "and $10,000.00 payable in case of injury to or death of two persons in a single collision", and the words "and $100,000.00 payable in case of injury to or death of two persons in a single collision" (3) from paragraph 6 the words "owned by one Jack Kerney, and", the words "his agents and servants under the name of", and the words "as lessee as aforesaid"; and (4) from paragraph 7 (e) the words "or to ameliorate the effects of collision resulting as a consequence".

Ordered further that the motions to strike, except as granted above, are overruled.

Ordered further that the motions to require separate statement of causes and all demurrers be and they are herewith overruled.