Mrs. Rether B. MIDDLETON, as Temporary Administratrix of the Estate of Delano Middleton, deceased, Plaintiff,

v.

S. N. PEARMAN and National Surety Corporation, Defendants.

Samuel E. HAMMON, Sr., as Temporary Administratrix of the Estate of Samuel E. Hammon, Jr., deceased, Plaintiff,

v.

S. N. PEARMAN and National Surety Corporation, Defendants.

Mrs. Elizabeth F. SMITH, as Temporary Administratrix of the Estate of Henry Smith, deceased, Plaintiff,

v.

S. N. PEARMAN and National Surety Corporation, Defendants.

Civ. A. Nos. 68-1064, 68-1089, 69-35.

United States District Court
D. South Carolina,
Columbia Division.

Nov. 17, 1969.

Jenkins Perry & Pride, Columbia, S. C., for plaintiffs.

Daniel R. McLeod, Atty. Gen., and Joseph C. Coleman, Asst. Atty. Gen., Columbia, S. C., for defendants.

### ORDER

DONALD RUSSELL, District Judge.

All three of these cases grow out of certain unfortunate events which took place at South Carolina State College at Orangeburg, South Carolina, on the night of February 8, 1968, and seek recovery for wrongful death under the provisions of Title 10, Sections 1951–2, Code of Laws of South Carolina (1962).

The defendants in all are S. N. Pearman, the Chief Highway Commissioner of South Carolina, and his official surety.

The theory of the complaints is that such Commissioner and his surety are liable for the alleged wrongful assaults by certain highway patrolmen appointed under Title 46, Section 851, Code of Laws of South Carolina (1962), upon their intestates, which resulted in their deaths.

It has been conceded on the record that the defendant Pearman did not participate in the alleged assaults; neither was he present nor did he authorize the same. The plaintiffs contend bluntly that, by virtue of his official position and the bond given in connection therewith, he is liable for any wrongful act of a member of the highway patrol acting under color of authority as a patrolman.

The defendants have moved for summary judgment.

*I am of opinion the motion for summary judgment in favor of the defendants should be granted.*

The bond given by the defendant Pearman, a copy of which is attached to the complaint in each action, is executed pursuant to Title 33, Section 52, Code of Laws of South Carolina (1962) and runs to the State of South Carolina. The condition of such bond is that the defendant Pearman "shall well and truly perform the duties of said office as now or hereafter required by law". Neither in its language nor in the statute requiring its execution is there any authorization for actions thereunder on behalf of a member of the public. A statutory bond in the form of that involved here has been construed by the South Carolina Supreme Court to protect only the State and to confer no right of action on private suitors such as the plaintiffs. McKenzie v. City of Florence (1959) 234 S.C. 428, 108 S.E.2d 825, 830–832. That construction of its own statutory bond by the highest court of the State is binding in this Court (City of Beckley v. Moran (4th Cir., 1932) 61 F.2d 238, 240) and precludes any right of action herein against the defendant Pearman's bond.

It will be noted that the bond required of the defendant Pearman is quite different from that executed by a highway patrolman of this State. By positive provision of the statute under which the patrolman's bond is given, it is con-

ditioned to pay for any damages sustained "from any unlawful act of such * * * patrolman." Title 46, Section 852, Code of Laws of South Carolina (1962). It is plain that this statutory bond is for the benefit of any member of the public who may secure a judgment against the patrolman because of any breach or abuse of official duty by the patrolman. Small v. National Surety Corp. (1942) 199 S.C. 392, 19 S.E.2d 658, 660–661; Yongue v. National Surety Corporation (1939) 190 S.C. 421, 3 S.E. 2d 198, 199; Rosemond v. Employers Mutual Cas. Co. (D.C.S.C.1965) 238 F. Supp. 657.

 The plaintiffs are not, though, remediless. They may, if they are able to sustain their claim of unlawful conduct on the part of any patrolman proximately causing the death of their intestates, recover therefor on the bond of the patrolman but not on the bond of the defendant Pearman.

Equally untenable is the claim of the plaintiffs against the defendant Pearman personally at common law. A public official may not be held personally liable for the wrongful acts of his subordinates, in which he did not participate or which he did not directly authorize, under any principle of *respondeat superior*. 43 Am.Juris., sec. 281, p. 94. The only exception to this rule involves the liability of a sheriff for the wrongful acts of his deputy. Annotation, 15 A.L.R. 3d 1189. This exception appears to be based in some cases on an assumed identity of the sheriff and his deputy and, in others, on statutory language rendering the sheriff liable for the acts of his deputy. Rutledge v. Small (1939) 192 S.C. 254, 6 S.E.2d 260, 262; Trammell v. Fidelity & Casualty Co. of New York (D.C.S.C.1942) 45 F.Supp. 366, 368–370. In my opinion, the Chief Highway Commissioner, whose primary duties encompass duties far broader than those devolving upon highway patrolmen,[1] is not

to be placed in the same category as a sheriff. Nor is there a statute, such as exists in the case of the sheriff, that renders him "answerable for neglect of duty or misconduct in office of any deputy." See, Section 71, Title 53, Code of Laws of South Carolina (1962). He is entitled to the benefit of the general rule of immunity for the wrongful act of a subordinate in which he did not participate.

The motion of the defendants for summary judgment in each of the above cases is accordingly hereby sustained and the actions dismissed.

And it is so ordered.

---

1. See, Section 53, Title 33, Code of Laws of South Carolina (1962), which defines the character of the Chief Highway Commissioner as "the executive and administrative head of the State Highway Department."