THEODORE B. HENNENLOTTER, Plaintiff, *v.* NORWICH UNION FIRE INSURANCE SOCIETY, LIMITED, and Another, Defendants.

Supreme Court, Kings Special Term, October 27, 1924.

**Parties — additional parties — motion by plaintiff to bring in additional parties defendant, one of whom is Russian corporation — said corporation regarded not as agent of Soviet government, but as being amenable to process as prior to Russian revolution — Civil Practice Act, § 192, permits bringing in additional parties at any stage of proceeding.**

A motion to bring in additional parties defendant, one of whom is a Russian corporation, should be granted, notwithstanding the fact that the claim is made that the said corporation now is an instrumentality of the Soviet government of Russia, since said corporation must be regarded, not as an agent of said government, but as being qualified to act, be sued, or appear, as it existed prior to the Russian revolution. Moreover, section 192 of the Civil Practice Act permits, as a matter of course, the bringing in of additional parties defendant at any stage of the action.

MOTION by plaintiff for order to bring in additional parties defendant.

*Bonynge & Barker* [*Paul Bonynge* of counsel], for the plaintiff.

*Barry, Wainwright, Thacher & Symmers* [*Herbert Barry* of counsel], for the defendants.

HAGARTY, J.:

The plaintiff moves for an order to bring in as additional parties defendant to this action the Jakor Insurance Company of Moscow, a Russian corporation, and Aktieselskapet Norske Jakor, a Norwegian corporation, and directing the issuance of a supplemental process to such new defendants, and permitting the filing and service of a supplemental complaint. The motion is made upon the allegations contained in certain separate defenses, set up by the defendant, the custodian or holder of the fund. The effect of these allegations is that the action cannot proceed without the presence of the Russian corporation, and that there is no way of bringing it in as a party defendant in its present soviet form.

It is urged that the Russian corporation is now an arm or part of the Soviet government of Russia, and that since our government has refused to recognize the Soviet government of Russia, it is impossible to make it a party. In my opinion, the Russian corporation is to be regarded, not as an agent or instrumentality of the Soviet government, but as still being the pre-Soviet corporation, unaffected by the acts or decrees of the present government of Russia, and qualified to act, be sued, or appear as it existed prior to the revolution. (*James & Co.* v. *Second Russian Ins. Co.,* 208 App. Div. 141; *Gumoens* v. *Equitable Trust Co. of New York,* 201 N. Y. Supp. 96.)

It may be that this principle would justify the striking out of these defenses, but the plaintiff has elected to have these corporations brought in as parties defendant. Such applications are ordinarily granted as a matter of course, especially when the other party or parties to the action cannot be injured thereby. (*Milliken* v. *McGarrah,* 164 App. Div. 110.) While the rule has always been liberal, its liberality, as applied to the present case to the end of a full determination of the issues, has been accentuated by the enactment of section 192 of the Civil Practice Act, which declares that no action shall be defeated by the nonjoinder of a party, but such party may be added at any stage " as the ends of justice may require." If it is impossible to obtain jurisdiction of these parties, as the defendant contends, no harm can be done, because the issues will then be determined as between the original parties.

Motion granted.