### 11824

#### MILLER & BARNHARDT v. GULF & ATLANTIC INS. CO.

##### (129 S. E., 131)

1. SHERIFFS AND CONSTABLES—SHERIFF HELD PROPER PARTY IN ACTION ON SHERIFF'S BOND.—In action on Sheriff's bond for damages caused by failure to take possession of attached property on theory that it was incapable of manual delivery, within Code Civ. Proc., 1922, § 511, the Sheriff was a proper party, and the Court's refusal to permit him to become a party, on motion of surety and on application of Sheriff to intervene, without good reason therefor, was abuse of discretion, in view of Section 597 and policy of law to prevent multiplicity of suits.

2. APPEAL AND ERROR—REFUSAL TO PERMIT SHERIFF TO BECOME PARTY DEFENDANT, IN ACTION ON BOND HELD REVIEWABLE.—In an action on Sheriff's bond for damages caused by mismanagement of attached property, Court's refusal, without reason therefor, to permit Sheriff to become party defendant *held* abuse of discretion reviewable on appeal.

Before WHALEY, J., Richland, May, 1924. .Reversed and remanded.

Action by Miller & Barnhardt against the Gulf & Atlantic Insurance Co. Judgment for plaintiffs, and defendant appeals.

*Mr. W. D. Barnett,* for appellant, cites: *Proper and necessary parties:* Code Civ. Proc., 1922, Secs. 361, 362 and 365; 118 S. C., 90; 110 S. E., 70; 77 S. C., 410; 57 S. E., 1109; 104 S. E., 182. *Surety's contract:* 51 S. C., 121; 28 S. E., 147. *Surety discharged to extent of security released:* 21 R. C. L., 1041. *Negligence of attaching officer:* 24 R. C. L., 939. *Liability of paid surety:* 104 S. C., 190; 88 S. E., 442.

*Messrs. Davis & Sharkey* and *Nelson & Mullins,* for respondents, cite: *Joinder of proper parties discretionary:* 77 S. C., 410; 57 S. E., 1109; 118 S. C., 90; 110 S. E., 70; 82 S. C., 382; 64 S. E., 398. *Suit against Sheriff's surety alone:* 19 S. C., 62; 1 Rich., 314; 3 Hill, 339. *Attached property in custody of officer:* 6 C. J., 309; Code Civ. Proc.,

1922, Secs. 504, 505 and 507. *Liability of sheriff:* 35 Cyc., 1668; 24 R. C. L., 968; 91 A. S. R., 543; 17 R. C. L., 236; 6 C. J., 309. *Questions not raised in Court below:* 70 S. C., 75; 49 S. E., 4. *Authority of Supreme Court ruling:* 19 S. C., 62. *Failure to show previous judgment against principal:* 19 S. C., 62. *Attachment on immovable property:* Code Civ. Proc., 1922, Sec. 511; 6 C. J., 311. *Liability of paid surety:* 57 S. C., 466; 35 S. E., 954; 104 S. C., 167; 88 S. E., 372.

September 2, 1925.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an action against the defendant insurance company surety upon the official bond of Thomas S. Burch, sheriff of Florence County, for $1,705.63, that being the amount of a judgment recovered by the plaintiffs against one H. D. Hatch, and which the plaintiffs allege could have been collected out of the proceeds of certain lumber attached in the suit against Hatch but for the neglect and mismanagement of the sheriff in connection with the custody of the attached property.

For some unexplained reason the action was brought in Richland County away from the residence of the sheriff in Florence County; it was brought against the surety company alone; and the application of both the surety company and of the sheriff himself, that he be made a party defendant, was opposed by the plaintiffs, and their objections sustained by the trial Judge.

The facts of the case appear to be as follows:

In July, 1921, the plaintiffs brought an action in the Court of Common Pleas for Florence County against one H. D. Hatch, a lumber man, to recover a balance of $1,684.23 due to them for the manufacture of certain pine timber into lumber. An attachment was issued, and under it the sheriff by his deputy, was supposed to have levied upon some

419,000 feet of lumber stacked up in the lumber yard of Hatch. It appears that the sheriff did not take actual possession of the lumber, but assumed that he had made a sufficient levy by leaving a certified copy of the warrant of attachment with the person in charge of the property, upon the theory that it was "incapable of manual delivery," as provided in section 290 of the Code of 1912 (section 511 of the Code of 1922), manifestly as advised and directed by the attorneys for the plaintiffs.

Neither the sheriff, nor the plaintiffs, nor their attorneys, appear to have given the slightest attention to the attached lumber until after the main cause had resulted in a judgment in favor of the plaintiffs in November, 1923, nearly 2½ years after the issuance of the attachment. Then it was ascertained that in the meantime Hatch had removed and disposed of all of the 419,000 feet of lumber, except about 80,000 feet, which had become so decayed that at a sale induced by a third party who claimed a lien upon it prior to that of the plaintiffs, and with the consent of the plaintiffs' attorneys, it brought only $250, which was applied to that prior lien.

The plaintiffs brought the present action in April, 1924, asking for damages equal to the amount of their judgment against Hatch by reason of the negligence and mismanagement of the sheriff in connection with the attached lumber, whereby it had been removed before their judgment was obtained.

The case came on for trial before his Honor, the County Judge of Richland County, Hon. M. S. Whaley, and a jury on May 26, 1924. The defendant had previously given notice of a motion that the sheriff be made a party defendant to the action. This motion was refused upon the ground that it was "neither necessary or desirable" that the sheriff be made a party. The defendant also demurred to the complaint upon the ground that the sheriff was a necessary party. The demurrer was overruled.

Upon the call of the case for trial the defendant asked that the trial be postponed until the arrival of Sheriff Burch, who lived at Florence and had been subpoenaed. The request was denied.

The sheriff and his attorney, Mr. Arrowsmith, entered the Courthouse after the trial had begun, and, after the plaintiffs had rested, Mr. Arrowsmith, as attorney for the sheriff, moved that the case be withdrawn from the jury, and that the sheriff be allowed to intervene as a party defendant. The presiding Judge ruled: "You are too late now. I have already heard a motion as to that" (referring to the motion made by the defendant).

The jury returned a verdict in favor of the plaintiffs for the full amount claimed. The defendant has appealed.

The exceptions raise several questions, prominent among which are the contentions that the sheriff was a necessary party to the action, and that the presiding Judge should have granted the motion of the defendant that he be made a party, and the application of the sheriff to be allowed to intervene in the action as a party defendant.

The weight of authority appears to be in favor of the proposition that in the case of a joint and several official bond the officer, the principal obligor, is not a necessary party (29 Cyc., 1464; 22 R. C. L., 518), and the action may be brought against the surety without joining the principal. It is not considered necessary to decide that question in the present case, for, be it as it may, there is no doubt as to the proposition that the officer is a proper party.

As is declared by the Supreme Court of the United States in the case of *Bank v. Seton,* 1 Pet., 299; 7 L. Ed., 152, quoted with approval in *Murray Drug Co. v. Harris,* 77 S. C., 410; 57 S. E., 1109:

"The general rule, as to parties, undoubtedly is, that when a bill is brought for relief, all persons materially interested in the subject of the suit, ought to be made parties, either as

plaintiffs or defendants; in order to prevent a multiplicity of suits, and that there may be a complete and final decree between all parties interested. But, this is a rule established for the convenient administration of justice, and is subject to many exceptions; and is, more or less, a matter of discretion in the Court; and ought to be restricted to parties, whose interest is involved in the issue, and to be affected by the decree."

In commenting upon this extract, the Court, in the *Murray Case,* declares:

"The power being discretionary, the only logical person in whom it could be placed is the Circuit Judge. He having dismissed the motion, therefore, this Court, in the absence of abuse of discretion, will not interfere."

In the discussion of the matter of the "abuse of discretion" by the presiding Judge in this case, it must be understood that the Court is guided by the principle announced in *Norris v. Clinkscales,* 47 S. C., 488; 25 S. E., 797:

"And the appeal will lie, not because of any so-called 'abuse of discretion'—a phrase unhappily framed, because implying a bad motive or wrong purpose—but because his ruling may appear to have been made on grounds and for reasons clearly untenable."

The motion to have the sheriff made a party defendant was, under the circumstances, so just and reasonable that it should have been granted unless it appeared to the trial Judge, in the exercise of his discretion, that some good reason existed for refusing it. The sheriff was the principal obligor upon the bond. The plaintiffs' cause of action was based upon his alleged negligence and mismanagement; no one was better qualified to explain the doubtful circumstances of the transaction than the sheriff. The surety company, upon payment of the plaintiffs' demand, would be entitled to indemnity from the sheriff; it could not possibly be detrimental to the interests of the plaintiffs, if entitled to recover, to have a judgment against two rather than one.

It would be a serious detriment to the surety company, sued alone, to have to pay the judgment and then institute an action against the sheriff for indemnity in his own county. It is in the line of public policy that all differences between interested parties be adjusted in the one litigation.

The Code provides for just such a condition. Section 597, Code Civ. Proc., 1922, provides:

"Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants, and it may determine the ultimate rights of the parties on each side, as between themselves."

The fact that the action was based upon the undetermined mismanagement of the sheriff is a strong reason for requiring his presence in the litigation, a matter of which the surety company could have had no knowledge. There is an obvious distinction in cases where the obligation is fixed, and as to which the surety knows as much as the principal.

If there had been any fact in the proceedings which called for the exercise of a discretion in the trial Judge—for instance, a long delay in the application—there would be sound reason to support the action of the Court; but there is not one. The motion was noticed immediately upon the commencement of the action.

The plaintiffs have no right to insist that the application of the sheriff that the case be withdrawn from the jury and he be allowed to intervene as a party defendant would have resulted in delay, for they had already declined to allow him to be made a party, and had prevailed upon the Judge to sustain their objection. This occurred before the trial by an order which appears to have been dated April 14th, more than a month before the trial.

The only explanation, we do not consider it a reason, which the trial Judge gave for his refusal, was that "it was not necessary or desirable" that the sheriff be made a party. Granting that he was not a necessary party, that it was not *necessary*, why was it not *desirable?* He gives no reason for

this conclusion; we do not see how it was possible for him to have done so. If no reason appears to support the exercise of a judicial discretion, the Court's action was necessarily arbitrary; if arbitrary it was technically an abuse of discretion.

Furthermore, the decision of the case, with the sheriff a party, would assure against the reproach which would most probably result from a verdict against the insurance company in Richland County and a verdict in favor of the sheriff in Florence County, both based upon the identical charge of mismanagement on the part of the sheriff.

It occurs to us that every conceivable ground was present to induce the conclusion that the bringing in of the sheriff as a party defendant was just, reasonable, and in line with the policy of the law "to prevent a multiplicity of suits and that there may be a complete and final decree between all parties interested"; certainly "a consummation devoutly to be wished," a desirable result.

The following authorities demonstrate that the joinder of the party from whom the defendant is entitled to indemnity is so just and reasonable that the denial, without any reason at all, is reviewable, notwithstanding the general rule that such matters are within the discretion of the trial Judge. "Under Civil Practice Act, § 192, applications to bring in additional parties defendant are ordinarily granted as matter of course, especially where other parties to action cannot be injured thereby." *Hennenlotter v. Insurance Co.*, 124 Misc. Rep., 626; 207 N. Y. S., 588.

In *Adams v. Bank* (Tex. Civ. App.) 178 S. W., 993, the Court said:

"We think it is well settled in this State that one who, as between himself and a defendant in any suit, is the principal obligor may be impleaded by such defendant, and that such defendant may have judgment over against such primary obligor."

In *Fort Worth v. Allen,* 10 Tex. Civ. App., 488; 31 S. W., 235, it is held:

"It had always seemed to us just and right that the one who is ultimately" liable "should be made a party to the suit in which the amount of his liability is to be fixed."

In *Hartford Ins. Co. v. Houston* (Tex. Civ. App.) 110 S. W., 973, the city sued the water company for damages resulting from the destruction by fire of the market house, due to inadequate pressure. The insurance company intervened, claiming, upon payment of the loss, to be subrogated to the rights of the city against the water company. The city thereafter bought the water plant, agreeing to pay the demand of the insurance company, and dismissed its suit against the water company. The insurance company then sued the water company upon its demand in subrogation, and made the city a party defendant. The Court held (quoting syllabus):

"That while the making of new parties is largely in the discretion of the trial Court, where such parties are not necessary, and though the city was not a necessary party, as its liability was independent of the water company's, under the circumstances both issues may be settled by the same suit, and the joinder of the city as a defendant was so manifestly proper that error in refusing to make the city a party may be reviewed on appeal."

In *Philadelphia Underwriters v. Fort Worth, etc., R. Co.,* 31 Tex. Civ. App., 104; 71 S. W., 419, it is held that, in action upon an insurance policy, the company may cause the party whose negligence caused the fire to be impleaded, and have the rights of all three parties determined, though the insurer has not paid the loss to the insured. The opinion declares:

"Indeed, as an original proposition, it is undoubtedly true that the prevention of a multiplicity of suits is desirable, and we find no sound reason why in this case the Court should not in the one action proceed to determine the rights and

liabilities of the respective parties. Such rights and liabilities, in their final analysis, rest upon the same wrongful act, omission, or transaction. Without such act or omission, no cause of action would have arisen, and it certainly seems in harmony with our system of jurisprudence to hold that the judicial tribunal whose power to pass in review upon the transaction is invoked shall determine and declare the legal effect of every proximate consequence, if the same can be done without confusion, multiplication of issues, or impairment of substantial rights of the parties involved."

In *Skipwith v. Hurt,* 94 Tex., 322, 60 S. W., 423, a country treasurer deposited money belonging to the county with a bank. The bank, knowing the nature of the deposit, applied it to the personal debt of the treasurer. The treasurer defaulted. In an action by the county against the sureties on the treasurer's official bond it was held that the sureties were entitled to bring in the bank as a party defendant. The opinion declares:

"The question recurs, since the sureties upon the bond had a good cause of action against the Farmers' National Bank, upon which they might have brought an independent suit against the bank, what reason is there that the bank should not be made a party to this action, so as to settle the rights of all the parties in one suit? * * * The act of the bank in misappropriating the money of the county made it primarily liable, at the option of the county; but, the county having elected to sue the bank, the sureties ought not to be required to pay the money and await the result of a suit against the bank, but are entitled to settle the whole matter in this action. We can see no reason why the bank cannot have as fair and just a trial in answer to the plea of the defendants as if it had been an independent proceeding by these sureties against it. It will greatly facilitate the administration of justice to sustain such proceedings, and save much of the time of the Courts in the investigation of questions of this character."

The reasoning of Chief Justice Hemphill in *Pope v. Hays,* 19 Tex., 378, is exceedingly clear and forceful:

"It is an operation which avoids circuity, and essentially subserves the purposes of justice and equity, by enabling him who is entitled to the indemnity to obtain the means to satisfy the charge he has incurred, from the party who ought to bear it, and thereby save himself the necessity of an advance and payment out of his own funds and estates, which might be inconvenient, and perhaps involve him in serious embarrassments. That this proposition is equitable and just —that it would save the party exposed to injury, and could do no wrong to the one in default, must strike the mind of every one with a force that cannot be resisted. It harmonizes also with the jurisprudence and procedure in this state, which avoids circuity in principle and in proceedings, and which, by a species of preventive justice, shields the innocent against the losses which must, in all probability, accrue, and will not delay until the wrong is done, and then deal out a scanty relief by way of compensation."

See, also, *Arnold v. Peasley,* 128 Wash., 176; 222 P., 472.

In *Guthrie v. Durham,* 168 N. C., 573; 84 S. E., 859, the defendant city was sued for damages resulting from a defect in the sidewalk caused by the alleged negligence of a property owner. The city moved that the property owner be impleaded. The motion was denied by the trial Court. The Supreme Court reversed the denial, saying:

"The making of new parties defendants where they are not necessary is a matter within the discretion of the trial Judge, and his refusal is not reviewable. * * * But in this case, if there should be a recovery against the defendant, the city of Durham, A. E. Lloyd [the property owner] would be liable to the city, and it could recover in an action against him. It is the policy of the law to determine a controversy in one action, rather than several, when it can be done. Besides, A. E. Lloyd is entitled to a day in Court, and it is but just that he should have an opportunity to de-

fend the suit against the city in order to defeat a recovery, or to reduce the amount for which he must answer over, by setting up his defense in his own way and through his own counsel. The city has not the same interest in defeating the action, or in reducing the amount, if it can recover over against a solvent party."

The judgment of this Court is that the judgment of the County Court be reversed, and that the case be remanded to that Court for such further proceedings as may be. consistent with this judgment.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS and MARION concur.