16258

## DOCTOR v. ROBERT LEE, INC.
(55 S. E. (2d) 68)

*Messrs. Herbert & Dial,* of Columbia, *for Appellant,*

*Messrs. T. B. Bryant, Jr., and Felder, Rosen & Horger,* all of Orangeburg, *for Respondent,*

*Messrs. Herbert & Dial,* of Columbia, *for Appellant, in reply.*

September 2, 1949.

Taylor, Justice.

This appeal arises out of an action commenced the 7th day of July, 1948, for damages allegedly suffered when the plaintiff's automobile was in a collision with a water tank of the defendant, Robert Lee, Inc., which was alleged to have been negligently placed across South Carolina Highway No. 45 immediately south of Eutaw Springs. The defendant moved before the Honorable W. H. Grimball in the Circuit Court for an order making C. A. Harvin, Jr., of Summerton, South Carolina, and American Fidelity and Casualty Insurance Company, parties defendants on the grounds that the said C. A. Harvin, Jr., was the owner of and operating, as an independent contractor, a tractor, pulling the said water tank with which the car of the plaintiff collided, and if there was negligence, it was that of said C. A. Harvin, Jr., or his agent and that the said C. A. Harvin, Jr., was operating under a certificate of convenience and necessity issued by the South Carolina Public Service Commission; and the American Fidelity and Casualty Insurance Company had issued its policy of insurance covering the said C. A. Harvin, Jr., as provided for by the statutes of South Carolina, and that they are therefore proper and necessary parties defendants in order to avoid a multiplicity of suits.

· Further that the primary liability, if any, lies upon the said C. A. Harvin, Jr., and the said insurance carrier and further that should it be determined that there is any liability of the defendant to the plaintiff that the said defendant would be entitled to recover over against the said C. A. Harvin, Jr., and said insurance carrier.

After hearing arguments from both sides, the Honorable W. H. Grimball filed his order dated December 31, 1948, re-

fusing said motion, stating: "I have given careful consideration to the question presented and am of the opinion that the proposed defendants are not necessary parties to the determination of the rights of the parties to this cause."

The defendants now appeal to this Court upon exceptions which present the question of whether or not it was error not to order the defendants, C. A. Harvin, Jr., and his insurance carrier, made parties defendants.

Section 404, Vol. I, 1942 Code for South Carolina, provides: "Who may be defendants.—Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved therein, and in an action to recover the possession of real estate, the landlord and tenant thereof may be joined as defendants; and any person claiming title or a right of possession to real estate may be parties plaintiff or defendant, as the case may require, to any such actions."

And Section 657, Subdivision 1, reads as follows: "Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants, and it may determine the ultimate rights of the parties on each side, as between themselves."

Appellant relies strongly upon the case of *Miller & Barnhardt v. Gulf and Atlantic Insurance Company*, 132 S. C. 78, 129 S. E. 131, to sustain his contention that the additional parties defendants should be brought in to avoid a multiplicity of suits.

However, in the recent case of *Simon et al. v. Strock*, 209 S. C. 134, 39 S. E. (2d) 209, 211, 168 A. L. R. 596, this Court, discussing Sections 404 and 409 of the 1942 Code, said: "Sections 404 and 409, Code of 1942, have 'been liberally construed for the purpose of bringing before the court all parties who may be necessary to a complete determination or settlement of all questions involved in the action.' *Peoples*

*Bank of Hartsville v. Bryant et al.,* 148 S. C. 133, 145 S. E.
692, 694. But a party should not be brought in when doing
so has the effect of 'overriding repeatedly declared legal
rights and revoking well-recognized procedure.' *Little v.
Robert G. Lassiter & Co., supra* (156 S. C. 286, 153 S. E.
[128] 130). These sections of the Code do not change the
nature of tort liability. In *Phillips v. Clifton Mfg. Co.,* 204
S. C. 496, 30 S. E. (2d) 146, 148, 157 A. L. R. 1255, the
Court said: 'Additional parties are not necessary to a com-
plete determination of the controversy unless they have rights
which must be ascertained and settled before the rights of
the parties to the suit can be determined.' "

If the defendant and those sought to be brought in as
additional parties defendants are joint tort-feasors,
the recent decisions of this Court are clear to the
effect that defendant has no right to bring in as parties de-
fendants joint tort-feasors who were not made parties by the
plaintiff. One who is injured by the wrongful act of two or
more joint tort-feasors has the option of bringing an action
against either one or all of them as parties defendants, all
being severally liable. To allow a defendant against the will
of the plaintiff to bring in other joint tort-feasors as de-
fendants would deny the plaintiff the right to name whom
he should sue. See also *Little v. Robert G. Lassiter & Co.,*
156 S. C. 286, 153 S. E. 128; *Deas v. Rock Hill Printing
& Finishing Co. et al.,* 171 S. C. 58, 171 S. E. 20.

Appellant seeks to distinguish this case from that of
*Simon et al. v. Strock, supra,* on the ground that in
that case there was no contention on the part of the
defendant that, in the event judgment was recovered against
him, he was entitled to contribution or indemnity over against
those that should be brought in, according to his contention.
However, it it well established that parties are not necessary
to a complete determination of a controversy unless they
have rights which must be ascertained and settled before
rights of parties to the suit can be determined. Here the con-

troversy is whether or not defendant is liable to plaintiff for such damages as he suffered in the collision, and C. A. Harvin, Jr., and his insurance carrier are not necessary parties. See *Phillips v. Clifton Mfg. Co.,* 204 S. C. 496, 30 S. E. (2d) 146, 157 A. L. R. 1255.

We are therefore of the opinion that under provisions of the Code and the cases cited, the order appealed from should be affirmed, and it is so ordered.

BAKER, C. J., and FISHBURNE, STUKES and OXNER, JJ., concur.