17964

Redic E. ROBINSON, Sr., Redic E. Robinson, Jr., and Robert W. Robinson, Respondents, v. SOUTH CAROLINA STATE HIGHWAY DEPARTMENT, Appellant.

(127 S. E. (2d) 286)

*Messrs. Daniel R. McLeod, Attorney General, J. McNary Spigner, Asst. Attorney General,* and *Fulmer, Barnes & Berry,* of Columbia, *for Appellant,*

*Messrs. Monteith & Monteith,* of Columbia, *for Respondents,*

September 12, 1962.

TAYLOR, Chief Justice.

This is an appeal from an Order of the Honorable John Grimball, Judge of the Fifth Judicial Circuit, in which de-

fendant's motion to bring in the Town of Forest Acres as a party defendant in order to file a cross-complaint against said Town was refused.

Plaintiffs are the owners of approximately twenty and one-half acres of land on the south side of Forest Drive, a South Carolina State Highway in the Town of Forest Acres which is adjacent to the City of Columbia. Plaintiffs allege that their land has been damaged as a result of changes made in the drainage system by the South Carolina State Highway Department along Forest Drive and adjacent streets. Said changes are alleged to be a taking of plaintiffs' property for public use without just compensation being paid therefor. This action was commenced between the parties on October 10, 1960. In July, 1961, defendant filed answer together with motion to strike certain allegations and to make more definite and certain. Plaintiffs moved for permission to amend their complaint in October, 1961. Defendant moved to bring in the Town of Forest Acres in November, 1961. Plaintiffs' motion was granted by the same Order which denied defendant's motions.

The questions raised by this appeal are: (1) Did the hearing Judge err in refusing defendant's motion to bring in Town of Forest Acres as a defendant in order that defendant might file a cross-action?; and (2) Did the hearing Judge err in permitting plaintiffs to amend their complaint without granting defendant permission to file answer to the amended complaint?

Section 33-174, Code of Laws of South Carolina, 1952, provides that "The performance of work within a municipality by the (Highway) Department shall not result in the assumption by the Department of any liability whatever on account of damages to property, injuries to persons, or death growing out of or in any way connected with such work. * * *"

Section 33-173 further provides: "In every case of a proposed permanent improvement, construction, reconstruction

or alteration by the State Highway Department of any highway or highway facility within a municipality, the municipality may review and approve the plans thereof before the work is started and such approval by the municipality shall be understood to mean that the municipality thereby assumes all liability which the Department might otherwise have as a result of damage to property or persons resulting from such improvement, construction, reconstruction or alteration carried out in accordance with the plans approved by the municipality."

In *Moseley v. South Carolina Highway Department*, 236 S. C. 499, 115 S. E. (2d) 172, this Court held that Sections 33-173 and 33-174, Code of Laws of South Carolina, 1952, did not relieve the South Carolina Highway Department from liability for the taking of private property for public use without just compensation in connection with the improvements by said Department on highways and streets located within a municipality.

In accordance with the foregoing, defendant entered into an agreement with the Town of Forest Acres in which said Town agreed to assume all liability which the State Highway Department might have as a result of damage to property or persons resulting from improvement, construction, reconstruction, or alteration of certain streets in said Town carried out in accordance with the plans which said Town had approved. Based upon the terms of this contract, defendant attempted to make the Town of Forest Acres an additional party defendant, pointing out that the only additional issues that the jury would be called upon to consider would be whether or not the work performed by the defendant was in accordance with the plan approved by the Town of Forest Acres. It must be conceded that the Town of Forest Acres may be ultimately liable to plaintiff, and this Court has said in *Miller & Barnhardt v. Gulf & Atlantic Insurance Co.,* 132 S. C. 78, 129 S. E. 131, quoting from *City of Fort Worth v. Allen,* 10 Tex.

Civ. App. 488, 31 S. W. 235: "It had always seemed to us just and right that the one who is ultimately liable 'should be made a party to the suit in which the amount of his liability is to be fixed.' " However whether or not additional parties are proper to a controversy is left to the sound discretion of the Trial Judge subject to review by appeal, *Fidelity Fire Ins. Co. v. Windham, et al.,* 134 S. C. 373, 133 S. E. 35; *Bridges v. Wyandotte Worsted Co.,* 239 S. C. 37, 121 S. E. (2d) 300. Defendant contends that bringing in the Town of Forest Acres, which though not a necessary party, would be proper to avoid a multiplicity of suits, unnecesary expense and would conserve the time of the Court, and that the failure to do so was without factual support and amounted to an error of law, citing *Miller & Barnhardt v. Gulf & Atlantic Insurance Co.,* 132 S. C. 78, 129 S. E. 131, to the effect "Under Civil Practice Act * * * applications to bring in additional parties defendant are ordinarily granted as [a] matter of course, especially where [the] other parties to [the] action cannot be injured thereby.' *Hennenlotter v. [Norwich Union Fire] Insurance Co.,* 124 Misc. Rep. 626, 207 N. Y. S. 588."

We find no fault with defendant's citations; neither can we find abuse of discretion by the learned Trial Judge who was of the "opinion that a full and complete determination of the issues made by the pleadings in this case can be had without the inclusion of the Town of Forest Acres" as a party defendant. An examination of the complaint shows that plaintiffs allege approximately nine different acts by the South Carolina Highway Department as causing or contributing to the taking of the plaintiffs' land without compensation. It can well be imagined that the inclusion of the Town of Forest Acres would increase the complexity of the facts and issues the jury must determine, some of which would be separate, distinct, and foreign to the isues raised in the complaint, resulting in prejudice to plaintiffs. Even though a multiplicity of actions may be avoided by the joinder of other parties, joinder will not

be permitted where plaintiff will be materially prejudiced. *Bridges v. Wyandotte Worsted Co.,* 239 S. C. 37, 121 S. E. (2d) 300.

In examining the Order of His Honor, Judge Grimball, in regard to the second question, we are unable to find any prohibition against defendant filing an additional answer. It is not deemed necessary to determine whether the amended complaint constitutes a new cause of action or inserts new matter or issues into the case. It is sufficient that defendant is hereby granted permission to file an additional answer or otherwise plead within twenty days of the filing of this Opinion if it be so advised.

For the foregoing reasons, we are of opinion that the Order appealed from should be affirmed with defendant having twenty days after filing of this Opinion to file further answer or otherwise plead if it be so advised; and It Is So Ordered. Affirmed With Modification.

Moss, Lewis, Bussey and Brailsford, JJ., concur.