18278

C. M. TUCKER, Jr., E. Edward Wehman, Jr., John M. Fewell, G. Werber Bryan and W. G. Edwards, Sr., constituting the South Carolina Mental Health Commission, Respondents, v. Charles J. CRAIG, d/b/a Charles J. Craig Construction Company, and Federal Insurance Company, Appellants.

(138 S. E. (2d) 888)

*Messrs. Robinson, McFadden & Moore,* of Columbia, *for Appellants,*

*Messrs. Daniel R. McLeod, Attorney General, Victor S. Evans, Assistant Attorney General,* and *Fulmer, Barnes & berry,* all of Columbia, *for Respondents,* 

November 11, 1964.

TAYLOR, Chief Justice.

This action was instituted by the South Carolina Mental Health Commission aganist Charles J. Craig, doing business as Charles J. Craig Construction Co., and his surety on a performance bond. The matter comes before this Court from an Order of the Honorable John Grimball, Judge of the Fifth Judicial Circuit, denying a motion of the defendant Craig to join W. H. Frazier, doing business as Capitol Tile Company, as a party defendant to this action.

The main question for determination is whether the hearing Judge erred in refusing Craig's motion to bring in as a defendant the tile subcontractor, Frazier.

On October 10, 1960, the Commission entered into a written contract with Craig wherein Craig, as prime contractor, agreed to furnish all materials and perform all work, in accordance with certain plans and specifications, in constructing a building known as the Food Service Center at State Park, South Carolina. Craig submitted a list of proposed subcontractors showing Frazier as the proposed subcontractor to do the tile work. No objection was made to Frazier, and Craig entered into a contract with Frazier which provided that Frazier would install all tile work required under Craig's contract with the Commission and would assume all obligations and responsibilities which Craig had assumed with the Commission.

The building was completed and accepted by the Commission and its architect on February 12, 1962, on which date Frazier agreed in writing that all tile installed would be guaranteed, as far as installation was concerned, for a period of 5 years, from February 12, 1962.

Subsequently, defects appeared in the quarry tile floor and attempts by Frazier to remedy the same were unsuccessful. This action was instituted on February 10, 1964, against Craig and his surety for damages in the sum of $100,000.00 for the alleged failure to construct the quarry tile floor according to the plans and specifications as provided by the contract between the parties.

In determining whether the lower Court erred in excluding Frazier as a party defendant, it must be kept in mind that the addition of new parties to a controversy is left to the sound discretion of the trial Judge subject to review by appeal. *Robinson v. South Carolina State Highway Department,* 241 S. C. 137, 127 S. E. (2d) 286; *Bridges v. Wyandotte Worsted Co.,* 239 S. C. 37, 121 S. E. (2d) 300.

Although Frazier may be ultimately liable to Craig under the provisions of the contract between them, Frazier, although a proper party, is not a necessary party to the complete determination of the controversy between Craig and the Commission. "Additional parties are not necessary to a complete determination of the controversy unless they have rights which must be ascertained and settled before the rights of the parties to the suit can be determined." *Phillips v. Clifton Mfg. Co.,* 204 S. C. 496, 30 S. E. (2d) 146, 157 A. L. R. 1255; *Doctor v. Robert Lee, Inc.,* 215 S. C. 332, 55 S. E. (2d) 68; *Long Mfg. Co. v. Manning Tractor Company,* 229 S. C. 301, 92 S. E. (2d) 700.

The Commission contracted with Craig, who, in turn, subcontracted with Frazier. The only issue between the Commission and Craig appears to be whether the tile floor was properly constructed according to

the plans and specifications. The hearing Judge found in the event Frazier is joined that "Separate justiciable issues may exist between the prime contractor and his subcontractors, and others, but these issues do not involve the plaintiff."

In *Robinson v. South Carolina State Highway Department, supra*, 241 S. C. 137, 127 S. E. (2d) 286, it is said that "Even though a multiplicity of actions may be avoided by the joinder of other parties, joinder will not be permitted where plaintiff will be materially prejudiced, *Bridges v. Wyandotte Worsted Co.*, 239 S. C. 37, 121 S. E. (2d) 300."

The trial Judge found that if the motion was granted it would "require the plaintiff to litigate matters with a third party with whom it had no contractual relations whatsoever and which would generate issues which are not germane to the cause of action which the plaintiff may have against the prime contractor and his surety."

In the *Robinson case, supra,* 241 S. C. 137, 127 S. E. (2d) 286, it was pointed out that the inclusion of an additional party defendant in that case "would increase the complexity of the facts and issues the jury must determine, some of which would be separate, distinct, and foreign to the issues raised in the complaint, resulting in prejudice to plaintiffs."

The hearing Judge having found that "Separate justiciable issues may exist between the prime contractor and his subcontractor and others, but these issues do not involve the plaintiff," this Court cannot say that in doing so he abused his discretion and thereby committed error of law. The Order appealed from is, therefore, affirmed; and it is so ordered.

Affirmed.

Moss, Lewis, Bussey and Brailsford, JJ., concur.