1039

SOUTH CAROLINA DEPARTMENT OF HEALTH AND ENVIRONMEN-
TAL CONTROL, Respondent v. FED-SERV INDUSTRIES, INC., Con-
servoil, Inc., AAA Waste Oil, Inc., Joe Girlardo, Fleet Transport, Inc.,
Defendants, of whom Fleet Transport, Inc. is Appellant. Appeal of
FLEET TRANSPORT, INC.

(362 S. E. (2d) 311)

Court of Appeals

*Elizabeth A. Carpentier* and *Inez Moore Tenenbaum,* both of *Sinkler and Boyd,* Columbia; and *J. Rutledge Young, Jr.,* Charleston, *for appellant.*

*General Counsel Walton J. McLeod, III, Asst. Gen. Counsel Jacquelyn S. Dickman,* and *Sp. Counsel John Adams Hodge,* Columbia, *for respondent.*

*Shawn D. Wallace,* of *McKay & Guerard, P.A.,* Columbia, *for Fed-Serv.*

*Lawrence A. Dodds, Jr.*, of *Dodds & Hennessey*, Charleston, *for AAA Waste Oil, Inc.*, and *Girlardo*.

Submitted Sept. 23, 1987.

Decided Nov. 9, 1987.

SHAW, Judge:

The South Carolina Department of Health and Environmental Control (DHEC) brought an action against Fleet Transport, Inc. (Fleet) and others alleging violation of the Hazardous Waste Management Act. Fleet demurred, moved to strike portions of the complaint and moved to add parties defendant. Fleet appeals from an order overruling the demurrers and denying all of its motions. We affirm.

On September 14, 1984, DHEC filed a complaint against Fleet, Fed-Serv Industries, Inc., Conservoil, Inc., AAA Waste Oil, Inc. and Joe Girlardo alleging the following: Defendant Fed-Ser contracted with the United States Navy to perform maintenance and service on oil storage tanks located in Charleston, South Carolina. Fed-Serv subcontracted with Girlardo, owner of AAA Waste Oil, to remove oil from the Navy's property as agent of Fed-Serv. Girlardo rented bulk oil transport tankers from Fleet to transport the oil. Some of the oil was transported from the Navy's property to property in Charleston owned by defendant Conservoil. Conservoil and Fed-Serv were both owned by one Jerry Luckow, now deceased, and DHEC alleges Conservoil is the alter ego of Fed-Serv. Manifests indicate the oil was to go to Alternate Energy Resources, Inc. in Georgia. DHEC claims that 5,000 gallons are unaccounted for, and Fed-Serv and/or Girlardo discharged waste oil and residue from the Conservoil property to adjacent property. DHEC also alleges the release of waste oil, creosote (a known human carcinogen), and residue into the environment surrounding the Conservoil site has already occurred.

The complaint seeks a preliminary injunction and declarations that defendants clean up the property, declarations that defendants have violated the Hazardous Waste Management Act and accompanying regulations, and civil penalties of $25,000 per day.

On October 29, 1984, Fleet demurred to the complaint on the grounds that necessary parties Luckow and the United States Navy were not named as parties defendant and that the alleged hazardous substance released was exempt under the Hazardous Waste Management Act. Fleet also moved to strike the references to creosote in the complaint and moved, in the alternative to the demurrer, to add as additional parties defendant the United States Navy, the Estate of Gerald Luckow, and Koppers Industries, the prior owner of the Conservoil property.

The circuit court held the Navy and Luckow were not necessary and indispensable parties, waste oil was not exempt under the Act, DHEC pled the issues relating to creosote in such a manner as to put Fleet on notice of the allegations to be proved at trial. The court therefore overruled the demurrer and denied motion to strike. It further denied the motion to add parties defendant since DHEC intended to voluntarily amend its complaint to add Luckow and DHEC asserted no cause of action existed against the Navy or Koppers at that time.

Fleet contends the circuit court erred in overruling its demurrer claiming there was a defect of parties defendant since Luckow and the Navy were not made defendants. According to the complaint, the Navy generated the oil and Luckow managed and controlled Fed-Serv and Conservoil, the companies accused of discharging the waste oil. Fleet also argues the circuit court erred in denying its alternative motion to add the Navy, Luckow and Koppers Industries as parties defendant.

DHEC Reg. 61-79.4(c), Vol. 4, Issue No. 5, *State Register* (March 31, 1980), provides in part in the event of a spill of hazardous waste "the generator, transporter, treatment, storage, or disposal facility or other person having control over or physical possession of such waste shall clean up all the spilled hazardous waste...." Fleet contends under this regulation DHEC must join all liable parties in this action. We disagree. The regulation specifically uses the disjunctive conjunction "or" instead of the conjunctive "and" implying any such persons could be solely liable for the clean up. Although DHEC admits the Navy, Luckow and Koppers Industries are potentially liable under its regula-

tions, potential liability does not make one a necessary or indispensable party. This state has consistently held "one who asserts a cause of action arising out of a joint tort may, at his election, assert it against one or more or all of the joint tort-feasors." *Insurance Financial Services, Inc. v. The South Carolina Insurance Company,* 275 S. C. 155, 160, 268 S. E. (2d) 113, 116 (1980). Fleet argues because there is no right of contribution among joint tort-feasors, it will be without recourse if found liable since the cost of clean up would not be shared with other potentially responsible parties.

Under the rules of civil procedure applicable at the time this case arose, a defendant could demur to the complaint when it appeared on the face of the complaint that there was a defect of parties. S. C. Code Ann. Section 15-13-320(4) (1976), (repealed 1985). However, the omission of a party who might be a proper party does not render the petition demurrable unless that party is a necessary or indispensable party. *Owen Steel Company, Inc. v. S. C. Tax Commission,* 281 S. C. 80, 313 S. E. (2d) 636 (Ct. App. 1984). "A party is not a necessary party unless it has rights which must be ascertained and settled before the rights of the parties to the action can be determined." *Id* at 639. While the Navy, Luckow and Koppers Industries may be proper parties, they are not necessary or indispensable parties. Here, the controversy is whether Fleet is liable to clean up discharged waste oil. The presence of the Navy, Luckow and Koppers Industries is not required for such a determination. There is nothing in the record to indicate the rights of the above three must be ascertained and settled before the rights of Fleet and the other parties can be determined. It is well settled that one who is injured by the wrongful act of two or more joint tort-feasors has the option of bringing an action against either one or all of them, all being severally liable. To allow the defendant to bring in other joint tort-feasors against the will of the plaintiff would deny the plaintiff the right to name whom he should sue. *Doctor v. Robert Lee, Inc.,* 214 S. C. 332, 55 S. E. (2d) 68 (1949). The election or option referred to is given, not to the defendant, but to the plaintiff. *Collins v. Johnson,* 242 S. C. 112, 130 S. E. (2d) 185 (1963).

Under the current rules of civil procedure, one may be joined as a party in the action if, in his absence complete relief cannot be accorded among those already parties. S.C.R.C.P. Rule 19(a). However, general consideration of efficiency or convenience of the parties are not sufficient to require joinder and the joint tort-feasor with joint and several liability remains merely a permissive party. See H. Lightsey, J. Flanagan, *South Carolina Civil Procedure* 177 (1985). Since a joint tort-feasor is severally liable for the entire damage, complete relief can be accorded between the parties to the suit.

We therefore find under both the prior and current South Carolina Rules of Civil Procedure, the Navy, Luckow and Koppers Industries are not necessary parties. The overruling of the demurrer and the denial of the motion to add parties defendant were therefore proper.

Fleet next contends the circuit court erred in overruling its demurrer claiming the complaint seeks clean up of an alleged uncontrolled hazardous waste site but S. C. Code Ann. Section 44-56-20(13) (1976) specifically exempts petroleum, including crude oil or fraction thereof. Fleet argues since it rented tankers to transport naval ship petroleum and not waste oil, the complaint fails to state a cause of action against it.

The complaint throughout refers to the transport of waste oil and residue, not petroleum. There is no evidence in the record to support Fleet's claims that it transported petroleum. Further, allegations set forth in a complaint must be deemed admitted for purposes of the demurrer. *Sandy Island Corp. v. Ragsdale,* 246 S. C. 414, 143 S. E. (2d) 803 (1965). We therefore find the circuit court properly overruled the demurrer on this ground also.

Finally, Fleet contends the circuit court erred in denying its motion to strike allegations concerning creosote because the allegations are irrelevant and prejudicial and there are no allegations any defendant released creosote into the environment. The circuit court refused to strike the references to creosote finding the issues relating to creosote were sufficiently pled to put Fleet on notice of allegations to be proved at trial.

A motion to strike is addressed to the sound discretion of the trial judge and will not be disturbed in the absence of a clear showing of prejudicial error. *Rimer v. State Farm Mutual Automobile Insurance Co.*, 248 S. C. 18, 148 S. E. (2d) 742 (1966). Fleet attempts to show prejudice by alleging it is not responsible for the existence of creosote on the property. Fleet is merely arguing the merits of the case and not the propriety of the references to creosote in the complaint. DHEC's cause of action is not based on the existence of creosote. Therefore there is no prejudicial error in denying Fleet's motion to strike.

For the foregoing reasons, the order of the circuit court is

Affirmed.

BELL and CURETON, JJ., concur.