698 S.E.2d 559

Carolyn CHESTER, as Personal Representative of the
Estate of Sherman E. Boutte, Jr., Appellant,

v.

SOUTH CAROLINA DEPARTMENT OF PUBLIC SAFETY,
South Carolina Department of Transportation, South Carolina
Forestry Commission, Gary Thomas LaSalle, COBRA Trans-
port a/k/a Cobra Automobile Transporting, Alternative Trans-
port Services, Florida Auto Transport, Vic Mullins as the
Personal Representative of the Estate of Jacob Trey Hall,
Robin H. Miller, as the Personal Representative of the Estate
of Rory Miller, Jeremy Crye, Ryder Truck Rental, Inc., Darren
Mosley, RSC Transportation, Inc., Randel Brigman, Ernestine
Hare Arnette, Mayflower Movers a/k/a Mayflower Transit, LLC
and American Way Moving and Storage, Inc., Defendants,

of whom the South Carolina Department of Public Safety,
South Carolina Department of Transportation and South
Carolina Forestry Commission are the Respondents.

No. 26833.

Supreme Court of South Carolina.

Heard June 8, 2010.

Re-filed Aug. 23, 2010.

Mark B. Tinsley, of Gooding and Gooding, of Allendale, and Robert Norris Hill, of Newberry, for Appellant.

Lisa A. Reynolds, of Anderson & Sequi, of Charleston; R. Morrison M. Payne and Christy Scott, both of Scott & Payne, of Walterboro; and Roy Pearce Maybank, of Charleston, for Respondents.

PER CURIAM.

Appellant contends the trial judge erred in ordering her, the plaintiff in this Tort Claims Act (TCA) suit brought against three state agencies (respondents), to join other alleged joint tortfeasors as defendants at respondents' request, in order to effectuate the respondents' right to a proportionate verdict under S.C.Code Ann. § 15–78–100(c) (2005). The trial judge agreed with respondents that he could require appellant to add party defendants, but ultimately dismissed the action

because these co-tortfeasors could not be joined since the appellant had already settled with them. *See* Rule 19, SCRCP. We agree with appellant that the trial judge lacks the authority to require her to sue additional alleged co-tortfeasors, and reverse.

## FACTS

Appellant's decedent was killed in a multiple vehicle accident caused when heavy smoke from a fire allegedly obstructed visibility on Interstate 95. As a result of the number of vehicles involved and the alleged negligence of three different state agencies, there are numerous potential defendants. A number of passengers in these vehicles or their estates brought actions in Hampton County naming appellant as a defendant. Appellant then brought this suit against the three TCA defendants in Dorchester County, and subsequently received settlements from a number of other defendants in the original Hampton suits. The Dorchester TCA defendants contended, and the trial judge agreed, that they were entitled to have the judge order appellant to join other alleged tortfeasors (including many with whom appellant had already settled in Hampton County) as defendants under Rule 19, SCRCP. The statute upon which the respondents and the trial judge relied provides:

> In all actions brought pursuant to this chapter when an alleged joint tortfeasor is named as party defendant in addition to the governmental entity, the trier of fact must return a special verdict specifying the proportion of monetary liability of each defendant against whom liability is determined.

§ 15–78–100(c).

## ISSUE

Can a TCA defendant require the plaintiff to sue other alleged tortfeasors?

## ANALYSIS

It is well-settled that a plaintiff has the sole right to determine which co-tortfeasor(s) she will sue. *E.g., Doctor v.*

*Robert Lee, Inc.,* 215 S.C. 332, 55 S.E.2d 68 (1949); *South Carolina Dep't of Health and Envir. Control v. Fed–Serv Indus., Inc.,* 294 S.C. 33, 362 S.E.2d 311 (Ct.App.1987). A ruling that a TCA defendant can compel a plaintiff to join other alleged tortfeasors as defendants in that suit would overturn this firmly entrenched common law principle. Moreover, a concomitant ruling that where these defendants cannot be joined because they have already settled with the plaintiff, the action must be dismissed, would thwart our strong public policy favoring the settlement of disputes. *E.g., Poston v. Barnes,* 294 S.C. 261, 363 S.E.2d 888 (1987). We are not persuaded that the General Assembly, in enacting § 15–78–100(c), giving a TCA defendant the right to a proportionate verdict "when an alleged tortfeasor is named a party defendant," intended to abrogate the tort plaintiff's right to choose her defendant, nor to effectively force the plaintiff to choose between settling with some parties and thereby forego her right to sue a TCA defendant, or going to trial against all co-tortfeasors. *Compare Wade v. Berkeley County,* 348 S.C. 224, 559 S.E.2d 586 (2002).

Where, as here, the plaintiff has settled with some co-tortfeasors the TCA defendants are not without a remedy. First, if the jury returns a verdict finding more than one respondent liable, then it will be required to apportion liability among these respondents. § 15–78–100(c). Moreover, under the procedure outlined in *Smalls v. South Carolina Dep't of Educ.,* 339 S.C. 208, 528 S.E.2d 682 (Ct.App.2000), any respondent found liable will be entitled to an equitable set-off against the settlements appellant has already received.

## CONCLUSION

The trial judge erred in holding that under Rule 19, SCRCP, he could require appellant to join other co-tortfeasors in order to afford the respondents their potential right to proportionate liability under § 15–78–100(c).

**REVERSED.**