**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Denetra Glover, Respondent,

v.

William Shermon Stack and Shervon Latreese Simpson, Defendants,

of Whom Shervon Latreese Simpson is the Appellant.

AND

Shirley Davis, Respondent,

v.

William Shermon Stack and Shervon Latreese Simpson, Defendants,

of Whom Shervon Latreese Simpson is the Appellant.

Appellate Case No. 2016-001807

———————

Appeal From Orangeburg County
R. Knox McMahon, Circuit Court Judge

———————

Unpublished Opinion No. 2019-UP-167
Submitted February 1, 2019 – Filed May 8, 2019

———————

**AFFIRMED**

Wesley Brian Sawyer, of Murphy & Grantland, PA, of Columbia, for Appellant.

Shane Morris Burroughs and David C. Marshall, both of Lanier & Burroughs, LLC, of Orangeburg, for Respondent.

**PER CURIAM:** Shervon Latreese Simpson appeals the order of the circuit court denying her motion for entry of satisfaction of judgment. On appeal, she argues the circuit court erred in (1) allowing a double recovery by failing to offset a default judgment by the amount paid by a second tortfeasor and (2) determining a default damages hearing did not establish the total amount of damages arising from an indivisible injury. We affirm.

Section 15-38-50 of the South Carolina Code (2005) provides:

> When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death:
>
>> (1) it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide, but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and
>>
>> (2) it discharges the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor.

"[T]he [statute] represents the [l]egislature's determination of the proper balance between preventing double-recovery and South Carolina's 'strong public policy favoring the settlement of disputes.'" *Riley v. Ford Motor Co.*, 414 S.C. 185, 196,

777 S.E.2d 824, 830 (2015) (quoting *Chester v. S.C. Dep't of Pub. Safety*, 388 S.C. 343, 346, 698 S.E.2d 559, 560 (2010)).

We find the circuit court did not err in denying Simpson's motion for entry of satisfaction of judgment. In its written orders, the circuit court reasoned section 15-38-50 applies when one defendant settles before a verdict is reached against a second defendant. Indeed, the cases Simpson relied on in front of the circuit court and on appeal reflect that our courts have interpreted section 15-38-50 to apply when one defendant settles *before* a jury verdict is entered against the nonsettling defendant. *See Ellis v. Oliver*, 335 S.C. 106, 110–12, 515 S.E.2d 268, 270–71 (Ct. App. 1999) (granting a setoff under section 15-38-50 in a medical malpractice action when the plaintiff settled her case against the hospital prior to receiving a judgment against the individual doctor); *see also Smith v. Widener*, 397 S.C. 468, 471–72, 724 S.E.2d 188, 190 (Ct. App. 2012) (stating that "before entering judgment on a jury verdict, the court must reduce the amount of the verdict to account for any funds previously paid by a settling defendant, so long as the settlement funds were paid to compensate the same plaintiff on a claim for the same injury"); *Welch v. Epstein*, 342 S.C. 279, 312, 536 S.E.2d 408, 425 (Ct. App. 2000) (stating a nonsettling defendant is entitled to a credit for an amount previously paid by a settling defendant). Here, on the other hand, two default judgments were entered against Simpson before defendant Stack settled his cases with the plaintiffs. Accordingly, we find no error in the circuit court's finding that Simpson was not entitled to a setoff under the statute.

Simpson also argues that if section 15-38-50 does not apply, she is nonetheless entitled to a setoff under common law equity principles. We find this argument is not preserved for our review. Although Simpson raised this issue during the motion hearing, the circuit court's final orders addressed only Simpson's entitlement to a setoff under the statute. Because Simpson did not subsequently file a Rule 59(e), SCRCP, motion seeking a ruling on her common law equity argument, it is not preserved for appellate review. *See Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 24, 602 S.E.2d 772, 780 (2004) (holding a party must file a Rule 59(e), SCRCP, motion to reconsider when an argument has been raised, but not ruled on, to preserve it for appellate review).

As Simpson was not entitled to a setoff under the statute and her common law grounds are not preserved for our review, she is required to satisfy the full amounts of the default judgments against her. Thus, we find the first issue is dispositive and decline to address Simpson's remaining issue. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an

appellate court need not address remaining issues when the disposition of a prior issue is dispositive).

Accordingly, the decision of the circuit court is

**AFFIRMED.**[1]

**HUFF, THOMAS, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.